*In re* WARREN CRANDALL, JR., *Petitioner*.

**No. 11144.**

1. PRELIMINARY EXAMINATION—*on charge of misdemeanor, within justice jurisdiction, a nullity, giving district court no jurisdiction.* Where the accused is charged with a misdemeanor only, before a justice of the peace, who, instead of granting him a trial, holds a preliminary examination, at which the accused is bound over to the district court, such proceedings are a nullity, and the district court acquires no jurisdiction by reason thereof; but a prosecution may be deemed to be commenced in such case when an information is subsequently filed in the district court.

2. ——— *and does not stop running of statute of limitations.* The time when such void proceedings were had cannot be excluded from the statutory period of limitation within which prosecutions in such cases must be commenced; and under the facts of this case it is held that the bar of the statute was complete before the prosecution was actually begun.

3. HABEAS CORPUS—*discharge on, by probate judge, as effectual and binding as if by higher court.* The probate court has full authority to allow writs of *habeas corpus* and to inquire into the legality of proceedings upon which a person is restrained of his liberty, and its order discharging a petitioner is just as effectual and binding as one made by the higher courts.

4. ——— *discharge on, ends pending proceedings against petitioner and prevents new arrest thereunder.* Where a probate court discharges a petitioner because no offense was alleged for which the petitioner could be prosecuted, its order not only restores him to his liberty, but terminates the pending proceedings against him, and he cannot be again arrested or held in custody unless a new prosecution is instituted against him.

Original proceedings in *habeas corpus*. Opinion filed October 8, 1898. *Petitioner discharged.*

*Lamb & Hogueland,* for petitioner.

*Joe Rolston,* for respondent.

JOHNSTON, J. Warren Crandall, jr., seeks release from imprisonment through the writ of *habeas corpus*. The history of the prosecution and the imprisonment is briefly as follows: On May 3, 1897, Lizzie Hinds

filed a complaint before a justice of the peace charging that Crandall did feloniously use and cause and procure to be used, certain instruments, which were thrust in and upon the body and womb of Lizzie Hinds, a woman pregnant with a quick child, with intent to destroy such child. That the use of the instruments was not necessary to preserve the life of the mother, and was not advised by a physician to be necessary for that purpose. There were six counts in the complaint. The first five of which charged the attempt to destroy the unborn quick child, and the last charges that the attempt was successful, and that the unborn quick child was destroyed by the use of the instruments. These several offenses are alleged to have occurred in the months of April, May and June, and the last on the fifth day of July, 1895. The warrant for the defendant's arrest was issued on May 3, 1897, under which he was arrested on July 22, 1897. In a preliminary examination held August 10, 1897, the petitioner was bound over to the district court, and required to give a bond for his appearance at the September term following.

On September 7, 1897, the petitioner appeared, but the county attorney of Coffey County declined to file an information against him, and filed his reasons in writing with the clerk of the court, why no information would be filed; and upon his motion, the district court dismissed the prosecution and discharged the petitioner. On the same day of the dismissal, a lawyer who had been employed by the prosecuting witness, moved the court to reinstate the case against the petitioner. This motion was taken under advisement, and on September 30, 1897, the motion was sustained, and an attempt was made to reinstate the case. The petitioner was again taken into custody upon a commitment issued by the clerk of the court, and failing

to give bail, he was imprisoned in the jail of the county. On October 2, 1897, he applied to the probate judge of Coffey County for the writ of *habeas corpus*, and after a trial of the issues raised by the petition and answer therein, the probate judge discharged him from imprisonment. On January 4, 1898, upon the order of the district court, an information was filed which charged the petitioner with the commission of an offense substantially in the language of the last count of the complaint which had been previously filed, and upon this information a bench warrant was issued, under which the petitioner was arrested. He gave bond in the sum of one thousand dollars for his appearance at the April, 1898, term of the court; but on January 31, 1898, the bondsmen surrendered the petitioner to the sheriff, and he thereupon applied to the probate judge for a discharge upon the writ of *habeas corpus*.

On February 10, 1898, after a trial upon the issues joined, the petitioner was again discharged by the probate court. On February 23, 1898, an amended information was filed, charging the petitioner with the same offense, in substantially the same language as that employed in the complaint. A bench warrant was issued for his arrest and his bond fixed at $2500. Having been placed under arrest, he applied to this court for release on the writ of *habeas corpus*.

The contention of the petitioner is that no felony was charged against him; that the preliminary examination had and the binding over to the District Court were invalid; and that the District Court acquired no jurisdiction by reason of the proceedings before the justice of the peace; that if the filing of the information in the District Court is to be treated as the commencement of a prosecution, it was then barred by the Statute of Limitations, and further, that

43—59 KAN.

the order of the probate court discharging the petitioner was valid and effectually terminated the prosecution. It is manifest from the language used in the complaint and warrant, that the prosecutor intended to charge the petitioner with a violation of section 15, of the Crimes Act. Probably his attention had not been called to the fact that this section had been held to be invalid, because it attempts to make certain acts manslaughter where no one is killed. *The State v. Young*, 55 Kan. 349, 40 Pac. 650.

In the argument before us it is urged that it charges a violation of section 14, of the Crimes Act, which provides that " the wilful killing of any unborn quick child by any injury to the mother of such child, which would be murder if it resulted in the death of such mother, shall be deemed manslaughter in the first degree." To constitute an offense under this section it must be alleged that the acts done and the injury inflicted on the mother, were of such a character as would have been murder if the death of the mother had resulted therefrom. Even murder in the lowest degree would require that the injuries inflicted, and the attack on the life of the mother were purposely and maliciously done and made. There is nothing approaching that in the charge, and it is clear that it falls far short of alleging a violation of that section, or of charging a felony under any other section of the Crimes Act.

It is suggested, and may be conceded, that a misdemeanor was alleged under section 44, of the Crimes Act ; an offense for which no preliminary examination could be legally held. A complaint charging an offense having been made before the justice of the peace, that officer had jurisdiction to try and finally determine the case, but he had no authority to hold a preliminary examination, or to bind the accused over to the district court.

1. District court no jurisdiction, when.

The jurisdiction of the justice of the peace and of the District Court, in such cases, is concurrent and equal, and when the justice of the peace became vested with jurisdiction he had no right to surrender it unless a change of venue was allowed, and no authority in any event to transfer the case to the District Court. His act in sending it to the District Court was a nullity, and that court acquired no jurisdiction by the transfer, nor until an information was filed in that court. *In re Donnelly*, 30 Kan. 191, 1 Pac. 648, 778 ; *The State v. Lund*, 49 id. 209, 30 Pac. 518.

The first information was filed in the District Court on January 4, 1898, and granting that it charged a

2. Statute of limitations does not stop, when.

misdemeanor, it was one that was committed on July 5, 1895. It will be observed that more than two years had elapsed from the commission of the alleged offense, or even from the first arrest of the defendant, before the prosecution was begun. Such a prosecution must be commenced within two years after the offense is committed. And as the preliminary examination proceedings are a nullity, the time when they were had cannot be excluded from the statutory period of limitation. The bar of the statute was therefore complete before the prosecution in the District Court was begun.

Aside from the fact that the petitioner was discharged by the District Court in September, 1895, upon the motion of the county attorney, he was twice discharged by orders of the probate court, after full

3, 4. Habeas corpus discharge by probate court, binding, and prevents new arrest.

hearings were had attended by all of the interested parties. That court has full authority to allow writs of *habeas corpus* and to inquire into the legality of proceedings upon which a person is restrained of his liberty. In that respect it has equal power with the District or the Supreme Court, and its order discharg-

ing a person, when made, is just as effectual and binding as one made by the higher courts. The petitioner was not discharged by the probate court on account of technical defects in the process, nor on account of any curable defects in the proceedings, but because no offense was alleged for which the petitioner could be prosecuted. The order of discharge by the probate court, therefore, not only restored him to his liberty, but terminated the pending proceedings. The petitioner could not be arrested or held in custody, unless a new prosecution was instituted, and the District Court was not warranted in disregarding the orders of discharge, nor in holding the petitioner upon proceedings determined to be void.

Petitioner discharged.