(No. 23243.—

The People *ex rel.* Ralph Mark, Defendant in Error, *vs.* John Toman, Sheriff, Plaintiff in Error.

*Opinion filed December 19, 1935.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, RICHARD H. DEVINE, JOHN T. GALLAGHER, JAMES V. CUNNINGHAM, and WALTER L. McCOY, of counsel,) for plaintiff in error.

BENJAMIN C. BACHRACH, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

In the criminal court of Cook county an order was entered in a *habeas corpus* proceeding discharging Ralph Mark, who was convicted of the crime of bigamy in the State of New York and afterwards released on parole. The provisions of his release required him to proceed from the Great Meadow prison to Buffalo and there report within twenty-four hours to H. C. Dupree, case supervisor.

Another provision was that he would not leave the State of New York without the written permission of his parole officer. His parole was revoked by the board of parole of New York because he violated the above mentioned conditions of his release. A warrant for his arrest was issued, and subsequently the Governor of New York requested the Governor of Illinois to cause the arrest of Mark and to deliver him to an authorized agent of New York. The first attempt to extradite the relator proved unsuccessful and later a second effort was made. It appears in the first proceeding that the original warrant stated the crime for which the demand from the Governor of New York was predicated was "violation of parole (bigamy)," and the affidavit of the chairman of the board of parole, in so far as it related to a charge that the parole had been violated, merely stated that the deponent has reliable information that Mark has not complied with the terms of his parole and was declared delinquent. For some reason a new warrant was issued on the day next following the date of the original warrant, and it expressly recited that the crime for which the relator was demanded was bigamy. However, the affidavit was not amended. Upon the hearing in the original *habeas corpus* proceeding the defendant was discharged. Shortly thereafter a new proceeding was begun based upon a new warrant and a new affidavit. The warrant expressly recited that the crime charged against respondent was bigamy and the affidavit was not upon information.

We held in *People* v. *Smith,* 352 Ill. 496, that a parole violator may be the subject of extradition when he departs from the State of his conviction without permission of its authorities. He becomes a fugitive from justice and may be returned to his State to serve out his unexpired term of imprisonment. It is not technically correct to say that he has been returned because of parole violation. He is returned because he has not served his full term of im-

prisonment. When a parole is revoked and a warrant for arrest has been issued his release is terminated and he is no longer privileged with freedom. Where a person who has been convicted of a crime is sought to be subjected to criminal process but has left the jurisdiction and found within the territory of another he is regarded in law as a fugitive. *Roberts* v. *Reilly,* 116 U. S. 80, 29 L. ed. 544; *People* v. *Smith, supra.*

We think the contention that the affidavit is chiefly a statement of the affiant's conclusions as to what the records in New York disclose is not well founded. The affiant swore he was the custodian of the records, and as to the matters which he stated were contained in them we see no objection. The affidavit contains an unequivocal statement of fact that Mark, "after his release on parole, did fail to keep the terms of his parole in that he failed to report to H. C. Dupree, case supervisor, and * * * in that he left the State of New York without written permission." A fair construction of the instrument does not support the contention that those statements were not made upon affiant's own knowledge or that they were mere conclusions from record recitals.

The duty of determining whether the relator was substantially charged with crime and was a fugitive from justice rested upon the Governor of Illinois in the first instance. If the requisition papers presented to him were properly authenticated and contained enough information to satisfy him they were sufficient. He was not obliged to demand proof outside those papers. (*Pettibone* v. *Nichols,* 203 U. S. 192, 51 L. ed. 148.) Any mode of proof satisfactory in kind and convincing in effect and having a reasonable tendency to establish the fact of flight from justice fulfills the requirement of the law. (11 R. C. L. p. 733.) Strict common law evidence is not necessary. A mere statement that the demanded person is a fugitive has been held enough upon which to base a warrant, and

its issuance, with or without a recital that such person is a fugitive from justice, is to be regarded as sufficient until the presumption in its favor is removed. In this case the papers showed the relator had been duly charged and convicted of a crime committed in New York and was a fugitive from justice. That showing must be regarded as sufficient to justify the issuance of the rendition warrant, and the presumption in favor of its regularity and legality will prevail until it is overthrown by contrary proof in a legal proceeding to review the action of the Governor. (*Roberts* v. *Reilly, supra.*) Upon the hearing in the last *habeas corpus* proceeding the relator introduced no evidence on either question, and the case as to those questions was left for decision upon the papers before the Governor on which he acted in issuing the warrant, and the relator is concluded by his action. *Munsey* v. *Clough,* 196 U. S. 364, 49 L. ed. 515.

The remaining contention is that the discharge in the first proceeding was *res adjudicata.* The rules which may generally be invoked as to hearings on *habeas corpus* are not always applicable in extradition proceedings. When it is sought to avail of the writ of *habeas corpus* to discharge one in custody on the ground that he is unlawfully held the hearing may extend to the merits of the case, but in extradition proceedings, if the papers have been properly authenticated, they make a *prima facie* case in favor of the demanding State. (*Pettibone* v. *Nichols, supra.*) In the present case there is no question about the proper authentication. The relator was present but did not testify. He made no effort to overcome the *prima facie* case made by the requisition papers. The only proof offered by him was of his former discharge. That discharge was based on what the criminal court thought were insufficient requisition papers. The release of a person on the ground of informality or mistakes in the proceedings should not be a bar to an arrest on perfected papers or reg-

ular proceedings, and if the first application for extradition is refused on the ground that the evidence presented is insufficient, it leaves the proceeding in the same condition as in other cases of preliminary examination and there may be a second inquiry. (11 R. C. L. sec. 47, p. 751.) "The principle of *res adjudicata* cannot be applied to a case where the fugitive has been discharged from custody on one writ of *habeas corpus,* but is arrested a second time on a second warrant, issued by the Governor of a surrendering State, though the offense charged in each warrant be the same. The reason for this is that a court cannot, in an extradition case on *habeas corpus,* go into a trial of the merits of the case." (Church on Habeas Corpus, (2d ed.) sec. 388a.) A fugitive from justice who has been discharged on *habeas corpus* in the surrendering State may be again arrested upon new process from the demanding State. (2 Moore on Extradition, sec. 626.) We said in *People* v. *Traeger,* 340 Ill. 147, that "when it appears, as it does here, that the affidavit or complaint made against the alleged fugitive was regarded by the executive authority of the respective States concerned as a sufficient basis, in law, for their acting,—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive,—the judiciary should not interfere on *habeas corpus* and discharge the accused upon technical grounds and unless it be clear that what was done was in plain contravention of law."

We are of the view that the criminal court of Cook county was in error in discharging the relator. Its order in so doing is reversed and the cause is remanded, with directions to enter an order remanding the relator to the proper agent of the State of New York.

*Reversed and remanded, with directions.*