STATE OF CONNECTICUT *v.* FRED CAMERA.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 3—decided June 28, 1945.

*William L. Beers,* with whom, on the brief, was *George E. Beers,* for the appellant (defendant).

*Edwin S. Pickett,* for the appellee (state).

MALTBIE, C. J. The defendant, arrested on a bench warrant issued by the Court of Common Pleas for New Haven County, was found guilty, in a trial to the court without a jury, of driving an automobile recklessly, in violation of § 231f of the 1941 Supplement to the General Statutes, and has appealed. His first assignment of error is that the trial court could not properly, upon all the evidence, find him guilty. The essential facts found are supported by the evidence. Briefly summarized, they state the following situation. On a clear night two men, Ematrudo and Guarino, desiring to board a trolley car which was approaching, stepped into the street and proceeded until they were some ten feet out from the curb. The trolley was slowing down to stop for them. The defendant, driving his car in the same direction as the trolley and a little behind it, was proceeding at a speed of twenty-five miles an hour. In order to pass the trolley car as it was slowing down, he increased his speed to about forty miles an hour. He admitted that he saw the men in the street ahead of him. He finally put his brakes on hard, but his car did not stop until after the men, seeing it bearing down upon them, had hastily run onto the tracks in front of the trolley, which had not then reached them and which was immediately stopped. Upon these facts, the trial court could reasonably

reach the conclusion that the defendant was guilty of reckless driving as defined in the statute.

The defendant had been previously arraigned in the City Court of New Haven on a charge, growing out of the same occurrence, that he had violated § 233f of the 1941 Supplement to the General Statutes, which penalizes operators of motor vehicles who pass trolley cars which have stopped, or, under certain circumstances not present here, which are about to stop, to take on or discharge passengers. He had been found not guilty. As the offense charged against him in the City Court was entirely different from that alleged in the Court of Common Pleas, he could not plead former conviction or double jeopardy as a defense. His claim in support of his contention that the trial court could not in this case find him guilty of reckless driving is that it was precluded from finding facts contrary to those which had been determined by the judgment of the City Court. In a criminal, as well as in a civil case, the doctrine of res adjudicata requires that a judgment in a former action between the same parties be held conclusive as to any issue therein determined. *United States* v. *Oppenheimer,* 242 U. S. 85, 88, 37 Sup. Ct. 68; *Commonwealth* v. *Ellis,* 160 Mass. 165, 35 N. E. 773; *In re Gottesfeld,* 245 Pa. 314, 317, 91 Atl. 494; 2 Freeman, Judgments (5th Ed.), § 648; note, 147 A. L. R. 991. Where a defendant relies upon a prior judgment of acquittal, the estoppel includes only those facts which were actually litigated or were necessarily involved in the prior proceeding. *State* v. *Coblentz,* 169 Md. 159, 164, 180 Atl. 266, 185 Atl. 350; *Commonwealth* v. *Greevy,* 271 Pa. 95, 100, 114 Atl. 511; 2 Freeman, loc. cit. All that appears as to the proceeding in the City Court is that the defendant was charged with the offense of "passing a standing trolley car." The trial court found upon sufficient evidence

in the case now before us that the trolley car was slowing its speed when the defendant passed it. Such a finding is not contrary to but entirely harmonious with the decision of the City Court that he was not guilty of passing a standing trolley car. The doctrine of res adjudicata did not prevent the trial court from giving effect to its finding in the present case.

Ematrudo, called by the state as a witness, having testified that after the defendant had stopped his car he got out, was asked: "Then what happened?" The trial court, over objection by the defendant, admitted the question. It appears from the discussion between counsel before the ruling was made that the state expected, by the question, to elicit testimony, as in fact it did, that the defendant struck Ematrudo, knocking him to the ground, where he lay unconscious; and the state claimed the right to prove this conduct as tending to establish the mental condition which characterizes recklessness. This was the basis upon which the court admitted the evidence. A person is guilty of reckless misconduct when he intentionally does an act, or fails to do an act in violation of his duty, with knowledge of the serious danger to others involved in it or of facts which would disclose that danger to a reasonable man. *Mooney* v. *Wabrek*, 129 Conn. 302, 308, 27 Atl. (2d) 631. In *Commonwealth* v. *Pierce*, 138 Mass. 165, 175, the court, speaking by *Holmes, J.*, said: "But recklessness in a moral sense means a certain state of consciousness with reference to the consequences of one's acts. No matter whether defined as indifference to what those consequences may be, or as a failure to consider their nature or probability as fully as the party might and ought to have done, it is understood to depend on the actual condition of the individual's mind with regard to consequences, as distinguished from mere knowledge of present or past

facts or circumstances from which some one or every-body else might be led to anticipate or apprehend them if the supposed act were done." It is "reckless indifference to the safety of others which supplies the criminal intent necessary to warrant conviction." *State* v. *Jacobsmeier*, 229 Iowa 878, 880, 294 N. E. 920. But the mental state which characterizes reckless mis-conduct is of a very different nature from that which, by reason of excitability, quick temper, and the like, would lead one in the defendant's position to make such an assault as occurred in this case. In the admis-sion of such testimony lurks the danger which has resulted in the rule excluding evidence that one ac-cused of a certain crime has committed other similar but unconnected crimes. *State* v. *Gilligan*, 92 Conn. 526, 530, 103 Atl. 649; *State* v. *Simborski*, 120 Conn. 624, 630, 182 Atl. 221. The statement of the trial court that, even if the evidence had not been admitted, its conclusion would have been the same cannot avail to make the ruling harmless. *Peck* v. *Pierce*, 63 Conn. 310, 320, 28 Atl. 524; *Kovacs* v. *Szentes*, 130 Conn. 229, 232, 33 Atl. (2d) 124.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.