(No. 37425.

THE PEOPLE *ex rel.* Benjamin Ritholz, Appellant, *vs.* FRANK G. SAIN, Sheriff, Appellee.

*Opinion filed Nov. 30, 1962.—Rehearing denied Jan. 28, 1963.*

CHARLES A. BELLOWS, of Chicago, (BELLOWS, BELLOWS & MAGIDSON, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Benjamin D. Ritholz was first arrested for the purpose of extradition by Frank G. Sain, sheriff of Cook County, under authority of a rendition warrant issued on December 16, 1960, by the Governor of Illinois on requisition of the Governor of Michigan. A petition for writ of *habeas corpus* was filed in the criminal court of Cook County to test the legality of the arrest and detention and the writ was issued. After a hearing the trial court ordered that Ritholz be discharged and in *People ex rel. Ritholz v. Sain,* 24 Ill.2d 168, we affirmed the judgment of the trial court on the ground that the requisition was insufficient to justify the issuance of the rendition warrant.

Another requisition was then made by the Governor of Michigan charging the same crime but eliminating the defects that made the first requisition insufficient. The Governor of Illinois issued another rendition warrant on January 31, 1962, and Rithholz was again taken into custody by sheriff Sain. Another petition for a writ of *habeas corpus* was filed in the criminal court of Cook County, the writ issued and the sheriff filed his return. A verified traverse to the return was filed in which it was alleged that the prior discharge is *res judicata* of all issues raised in this second proceeding and bars the State from now extraditing relator. After a hearing on the issue raised by the traverse, the writ was quashed and relator remanded to the custody of the sheriff for delivery to the agent of the Governor of Michigan. Relator has appealed directly to this court.

The only question presented in the trial court and on this appeal is whether the first discharge is *res judicata* of all issues raised in this proceeding and bars the State from now extraditing the relator.

The nature of extradition proceedings has been aptly described by the United States Supreme Court as assimilating "very closely those commenced in any state for the arrest and detention of an alleged criminal. They go upon the theory that extradition is but a mere step in securing the presence of the defendant in the court in which he may lawfully be tried." (*In re Strauss,* 197 U.S. 324, 333, 49 L. ed 774, 25 S. Ct. 535, 537.) We turn therefore to the general policy expressed by the legislature with regard to the discharge on writ of *habeas corpus* of an alleged criminal.

Section 26 of an act to revise the law in relation to *habeas corpus* (Ill. Rev. Stat. 1961, chap. 65, par. 26) provides that "No person who has been discharged * * * on a *habeas corpus,* shall be again imprisoned, restrained or kept in custody for the same cause, * * *." The section further provides, however, that "The following shall not be deemed to be the same cause: 1. If, after a discharge for a

defect of proof, or any material defect in the commitment, in a criminal case, the prisoner should be again arrested on sufficient proof, and committed by legal process for the same offense. * * * 3. Generally, whenever the discharge has been ordered on account of the non-observance of any of the forms required by law, the party may be a second time imprisoned if the cause be legal and the forms required by law observed."

Furthermore, in *People ex rel. Mark* v. *Toman*, 362 Ill. 232, this court held that a prior discharge on *habeas corpus* in an extradition proceeding because of a defect in the process or evidence will not bar a subsequent extradition proceeding for the crime on additional evidence or on new process.. This holding is in harmony with decisions from other jurisdictions on the question. See 39 C.J.S., Habeas Corpus, sec. 104.(b)(1); 25 Am. Jur., Extradition, sec. 157; Annotation, 102 A.L.R. 383.

Here the original requisition was insufficient because the demand recited as its jurisdictional basis that relator stood charged of a crime by virtue of a complaint and warrant, whereas a supporting affidavit showed that he had been convicted of the crime and broken the terms of his bail, which is a separate jurisdictional basis. Relator was discharged, therefore, not because the court decided he was not a fugitive from justice, but because the contradiction of jurisdictional bases between the demand and the supporting papers constituted a nonobservance of the form required by law for his extradition.

Relator has relied heavily on *Palmer* v. *Thompson*, 20 App. D.C. 273; *Seigler* v. *Canterbury*, 136 Colo. 413, 318 P.2d 219; and *Ex Parte Messina*, 233 Mo. App. 1234, 128 S.W.2d 1082, in each of which cases it was held that a previous discharge on *habeas corpus* in an extradition proceeding was a bar to a subsequent extradition proceeding for the same crime. While there is language in those cases which supports relator's contention, each one involved a situation

where the demand and supporting evidence in the subsequent proceeding appears to have been the same as that used in the previous hearing wherein the discharge was ordered.

We hold that the judgment ordering relator discharged because of an insufficient demand is not a bar to the present extradition proceeding based on a perfected demand. (Ill. Rev. Stat. 1961, chap. 60, par. 20; *People ex rel. Mark* v. *Toman* 362 Ill. 232.) The order of the criminal court of Cook County quashing the writ of *habeas corpus* and ordering relator remanded to the custody of the sheriff of Cook County for delivery to the agent of the Governor of Michigan is affirmed.

*Judgment affirmed.*