Miles F. McDonald, J.
The petitioner was arrested on December 10, 1963 under a warrant of extradition issued by the Governor of the State of New York dated November 14, 1963. The warrant of extradition issued by the Governor of the State of New York was based upon a demand dated October 17, 1963 signed by the Governor of the State of Alabama. Attached to said demand before the Governor of the State of Alabama was a petition sworn to October 14,1963 executed by the Solicitor of Macon County, Alabama, in which petition the Governor of the State of Alabama was informed that the relator was being charged in the Circuit Court of Macon County, Alabama, with the crime of carnal knowledge of a girl over 12 and under 16 years of age as shown by a certified copy of an indictment accompanying said petition dated April 25,1962. In said petition the Solicitor sets forth that the alleged crime was committed by the relator on March 21, 1962 in Macon County, State of Alabama. The petition further sets forth that after being charged with said crime the relator failed to appear in court to answer said charge and was arrested on March 26, 1962 in the City of Tuskegee, County of Macon, State of Alabama. It further appears from said petition that the relator was released in $500 bond, said bond being conditioned upon his appearing for trial before the Circuit Court of Macon County, for the Spring Term 1962; that the relator failed to appear for trial and that the Circuit Court of Macon County ordered the bond forfeited and ordered the *241 arrest of the relator. The petition further alleges that the relator is now a fugitive from justice in the State of Alabama and is believed to have taken refuge in the State of New York, County of Kings.
Also presented ¡before the Governor of the State of Alabama was an affidavit of the complaining witness, sworn to October 14, 1963, in which the complainant alleges that the relator sexually abused her and that he was in the County of Macon, State of Alabama, on March 21,1962 and an affidavit of one Daisy Varner, an aunt of the complainant, which sets forth that the relator was in Macon County, Alabama, on March 21, 1962.
It further appears that upon the presentation of the foregoing papers to the Governor of the State of New York and subsequent thereto, a further statement of the complaining witness, sworn to November 7,1963 was presented to the Governor of the State of New York, realleging the defendant’s relation with the complaining witness and his presence in the State of Alabama during the months of February and March, 1962.
Based upon all of the foregoing papers, the Governor of the State of New York issued the warrant as aforesaid directing the arrest and detention of the relator. The records indicate that after his arrest the relator was brought before this court and at the direction of the court a writ of habeas corpus was issued returnable January 13, 1964 upon a petition which alleges that the requisition of the Governor of the State of Alabama was insufficient; that the relator was not in the demanding State at the time the crime was alleged to have occurred; that the crime was not committed in the demanding State, and that the petitioner is not a fugitive from justice. Upon the return of the writ and subsequent thereto the hearing was held and the only issues raised by the relator were that the papers presented to the Governor of the State of New York upon which the warrant was issued were not sufficient in that they did not meet the requirements of section 830 of the Code of Criminal Procedure and further that on a prior habeas corpus hearing on a warrant heretofore issued by the Governor of the State of New York dated July 18, 1963, Justice Samuel S. Leibowitz of this court sustained the writ, vacated the warrant and discharged the relator. The relator in this proceeding, therefore, claims that such prior ruling is res judicata so far as this present proceeding is concerned.
The law is well settled that on an application for habeas corpus in an extradition proceeding the only questions properly before the court, State or Federal, are (1) whether the papers upon which the warrant was issued by the Governor of the asylum *242 State are sufficient; (2) whether the indictment charges a crime under the laws of the State seeking the extradiction; (3) whether the crime was committed in the demanding State under its laws; (4) whether the accused was in the demanding State on the day when the crime is :alleged to have been committed; (5) the identity of the alleged fugitive; (6) whether the person sought to be extradited is a fugitive from justice (People ex rel. Higley v. Millspaw, 281 N. Y. 441; Johnson v. Matthews, 182 F. 2d 677).
The relator’s contention that the papers before the Governor were insufficient is based upon the fact that the indictment fails to set forth the date the alleged crime was committed. It is further claimed that the papers are insufficient in that the petition and affidavits presented to the Governor of the State of New York did not meet the requirements of section 830 of the Code of Criminal Procedure in that they were not made before a Magistrate and were not authenticated by the Governor of the demanding State, Alabama.
The relator’s claim that the proceedings here are defective in that the indictment does not state the date the alleged crime was committed is without merit. The indictment annexed to the request for the warrant of extradition was found in compliance with the laws of the State of Alabama which provide that it is not necessary to state the precise time at which the offense was committed, but it may be alleged to have been committed on any day before the finding of the indictment. The indictment does state that the crime charged was committed before the finding of the indictment. This meets the requirements of the Alabama statute (Code of Alabama, tit. 15, § 237; Kimbell v. State, 165 Ala. 118). Under Alabama law, the particulars as to the time, place and circumstances not constituting essential elements of the crime charged, may be dispensed with by statute and be left as a matter of proof (Noles v. State, 24 Ala. 672; Boyd v. State, 3 Ala. App. 178). It is to be noted that the Alabama statute is similar to section 280 of our Code of Criminal Procedure. It is thus apparent that the indictment according to the laws of Alabama is a valid one and is not subject to attack in the asylum State of New York (People ex rel. Marshall v. Moore, 167 App. Div. 479, 486, affd. 217 N. Y. 632; People ex rel. Gilbert v. Babb, 415 111. 349; Ex Parte Beggel, 114 U. S. 642). If the indictment is in substantial conformity with the laws of the demanding State, its sufficiency as a matter of technical pleading cannot be inquired into on habeas corpus.
Furthermore, the relator’s claim that the affidavits also failed to comply with the provisions of section 830 of the Uniform *243 Criminal Extradition Act in that they were not authenticated by the Governor of the demanding State and that they were not sworn to before a Magistrate, is without merit. Section 830 of the Code of Criminal Procedure requires that the Governor of the State of New York recognize any demand for the return of a fugitive which complies with that section. It requires that a demand be accompanied: (1) By a copy of an indictment found, or (2) by information supported by affidavit in the State having jurisdiction of the crime, or (3) by a copy of an affidavit made, before a Magistrate there, together with a copy of any warrant which was issued thereon.
The demand of the Governor of the State of Alabama rested upon the first alternative above stated, to wit, the demand accompanied by a copy of an indictment. This fulfilled the requirement of section 830 of the Code of Criminal Procedure. The relator’s contention would be correct if the instant extradition proceeding was based on the third alternative found in section 830 of the Code of Criminal Procedure. Where, as in this case, the indictment forms the basis for the requisition there is no requirement that any affidavit be submitted in aid of the demand. The affidavits submitted to the Governor of the State of Alabama and to the Governor of the State of New York formed and became a part of the extradition proceedings. It is self-evident that the very purpose of said affidavits was to satisfy both the Governor of the demanding State and the Governor of the asylum State that the relator was in the demanding State when the crime charged in the indictment was committed, and thus to enable the relator at an extradition hearing to contest the fact whether or not he was in the demanding State on the day when the crime is alleged to have been committed. The Governor of the State of New York could have issued the warrant of rendition based on the indictment alone if he were satisfied that he had before him all of the requisite facts to justify his issuing the same (Bruzaud v. Matthews, 207 F. 2d 25).
The law is well settled that in habeas corpus proceedings contesting extradition the warrant of the Governor of the asylum State containing appropriate recitals is deemed to be prima facie evidence that the Governor had before him sufficient legal evidence showing that the accused is charged with the crime in the demanding State and fled therefrom. (People ex rel. Higley v. Millspaw, 281 N. Y. 441, 447; People ex rel. Fong v. Whalen, 253 N. Y. 536.)
The burden of proof to establish the charges set forth in the petition was upon the relator. At the hearing it became neces *244 sary for .the relator to establish by conclusive evidence that he was not in the demanding State when the crime was committed and he was not a fugitive from justice. In this proceeding the relator does not deny that he is a fugitive from justice; nor does he deny that he was in the demanding State at the time set forth in the affidavits heretofore referred to.
This court is satisfied that sufficient proof has been adduced at the hearing; that the Governor of the State of New York had before him all the requisite facts to justify him in issuing the warrant of rendition (People ex rel. Higley v. Millspaw, supra) and that the relator failed to meet the burden of proof required of him.
This court is satisfied that the indictment charges a crime under the laws of the State of Alabama and that the relator was in the demanding State on the day when the crime is alleged to have been committed and that he is the person sought to be extradited as a fugitive from justice, and that sufficient evidence as to the date it is alleged the crime was committed was presented to enable the relator to contest the issue as to whether he was in the demanding State at that time.
When a prisoner is discharged in a habeas corpus proceeding the discharge is merely from custody and not from the penalty. Such discharge is, not an acquittal, nor a bar to a subsequent indictment or other proceeding and the prisoner subsequently can be redetainedi on a proper jurisdictional basis (Sutton v. Butler, 74 Misc. 251, affd. 151 App. Div. 894).
Section 7012 of the Civil Practice Law and Buies provides: 1 ‘ A person discharged upon the return of a writ of habeas corpus shall not be detained for the same cause, except by virtue of a subsequent lawful mandate.” Professor Peter W. Thornton, in a practice commentary upon the said section, declared (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB, p. 382): “ This section deals with a writ of habeas corpus where the detention was by virtue of a mandate. The philosophy is that the discharge upon return of a writ of habeas corpus is merely a discharge from a present detention found to be illegal because of lack of jurisdictional foundation. Of itself, such discharge therefore should not prevent subsequent lawful proceedings to detain for the same cause. Protection of the right against double jeopardy is not contemplated, but left to the Code of Criminal Procedure.”
Therefore, when the Governor of the Sate of New York issued a second warrant on November 14, 1963, upon a second requisition of the Governor of the State of Alabama, which satisfied the Governor of its sufficiency, the warrant of the Governor *245 constituted “ a subsequent lawful mandate.” “ To support the plea of res adjudicata the burden was upon the relator to show that some issue had been heard and determined in his favor in the prior proceedings, of such a nature as to constitute an estoppel upon a reinvestigation of the same question.” (Matter of White, 45 F. 237.) The record in this proceeding fails to establish this. The principle of res judicata is not operative to bar this proceeding. The prior decision of Mr. Justice Leibowitz of this court dismissing the writ of habeas corpus is not conclusive on the issues raised here. At common law a denial of a writ of habeas corpus was generally not conclusive under the doctrine of res judicata, although the action in the prior proceeding may well be considered in determining whether or not the relator should be discharged on the subsequent application. A reading of the minutes of the hearing on the prior application in this court discloses that the court sustained the writ and discharged the relator solely upon the ground that the indictment having failed to state the date on which the crime was committed, insufficient proof was adduced at the hearing to enable the relator to have the opportunity to controvert his alleged presence in the demanding State. In sustaining the writ the court did not rule that the indictment was not valid. The court indicated that if sufficient proof was adduced to establish the relator’s presence in the demanding State, a new warrant of rendition could be issued by the G-overnor of the State of New York for the arrest and detention of the relator. There was no adjudication on the merits as to any issue. The discharge of the relator in the prior habeas corpus proceeding was for defect in proof and an alleged material defect in the sufficiency of the papers upon which the warrant of rendition was issued.
The only valid issue that could be raised by the relator in this proceeding was whether or not he was in the demanding State at the time the alleged crime took place. The relator does not seriously contest this issue. The reason for this is quite obvious, for the records of the Alabama courts disclose that the relator was present in the State of Alabama prior to and after the alleged crime was committed and gave bond which was later forfeited for his nonappearance and that he is now a fugitive from justice.
Accordingly, the writ is dismissed and the relator ordered delivered to the custody of the agent of Alabama.