Hillsborough
No. 7229

CONRAD DEBSKI & *a.* v. STATE OF NEW HAMPSHIRE & *a.*

November 28, 1975

*Alfred Catalfo, Jr.,* by brief and orally, for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Richard B. McNamara,* under Supreme Court Rule 23 *(Mr. McNamara* orally), for the defendants.

KENISON, C.J.   This case is a habeas corpus proceeding challenging the plaintiffs' arrest and prospective extradition to Vermont under the Uniform Criminal Extradition Law, RSA ch. 612. The plaintiffs were arrested on May 24, 1974, prior to requisition, on a warrant issued pursuant to RSA 612:13. This warrant was issued on a complaint filed by the Manchester Police Department based on an affidavit of a Vermont State trooper. The plaintiffs were arraigned and admitted to bail. RSA 612:16. On August 15, 1974, the Manchester District Court discharged the plaintiffs because the Governor of New Hampshire had not then issued his warrant for their arrest and because the State was not ready for trial. On August 26, 1974, the Governor did issue his warrant. RSA 612:7. The plaintiffs were arrested and admitted to bail. They applied for the writ of habeas corpus on the ground that their arrest violated their constitutional right to not be twice put in jeopardy for the same offense. U.S. CONST. amend. V. *Dunfey,* J., in a written opinion, denied the application, made various findings and rulings, upheld the legality of the arrest, and reserved and transferred the plaintiffs' exceptions.

At the hearing in the superior court the plaintiffs attempted to limit the proceeding to consideration of their double jeopardy argument. The trial judge denied this motion and heard and decided all of the issues raised by the application. The plaintiffs assert that this was error. After the first arrests the plaintiffs filed a motion demanding the production of three witnesses from Vermont. In their application the plaintiffs explicitly raised the issue whether they were the persons charged in Vermont. In response to these challenges the three witnesses came from Vermont to testify. From the transcript it is clear that the plaintiffs' counsel was well prepared to cross-examine these witnesses and to try the limited issues involved in the proceeding. In fact he attempted to try the case on the merits. The plaintiffs' brief provides no explanation or reason in support of this exception. The plaintiffs' counsel's unfounded attempt to prevent the Vermont witnesses from testifying and to require another hearing at a later date was properly rejected by the trial court. *See Commonwealth v. Bell,* 222 Pa. Super. 190, 196 n.5, 293 A.2d 74, 77 n.5 (1972).

The plaintiffs' contentions that their arrest on the Governor's warrant placed them in double jeopardy, subjected them to unlawful harassment, and violated the rules of res judicata are without merit. The Supreme Judicial Court of Massachusetts considered and rejected similar arguments in a recent decision which ably states the law of these matters. *In re Maldonado,* 304 N.E.2d 419 (Mass. 1973). *See also In re Russell,* 12 Cal. 3d 229, 524 P.2d 1295 (1974); Annot., 33 A.L.R.3d 1443 (1970).

*Plaintiffs' exceptions overruled.*

All concurred.