RICHARD CAIN *v.* FRANCIS T. MOORE, WARDEN, NEW HAVEN CORRECTIONAL CENTER

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 9—decision released December 16, 1980

*Richard Cain,* pro se, the appellant (plaintiff).

*Susan A. Moch,* deputy assistant state's attorney, for the appellee (state).

BOGDANSKI, J. This case arises out of a request by the state of New Jersey for the extradition of the plaintiff and the subsequent issuance of a second rendition warrant in Connecticut.

The plaintiff was arrested in Connecticut pursuant to a rendition warrant of the governor dated January 23, 1979. The warrant charged the plaintiff with the crime of "Escape." The plaintiff filed a writ of habeas corpus which was granted and he was released from custody on the ground that the warrant was defective in that it did not reflect allegations of substantive crimes committed in the demanding state. The supporting documents did not indicate that the plaintiff was charged with the crime of escape in New Jersey.

On March 5, 1979, the governor of Connecticut issued a second rendition warrant based upon the original requisition papers. This warrant charged the plaintiff with having been convicted of robbery and armed robbery in the demanding state and thereafter escaping from custody. The plaintiff was taken into custody pursuant to the second rendition warrant. On March 16, 1979, he filed another habeas corpus petition, which was heard on April 9, 1979.

At that hearing the plaintiff raised the issue of whether the new warrant was invalid because of the failure to obtain a second set of requisition papers from the demanding state.

The trial court denied the petition on the ground that the supporting documents of the demanding state were sufficient and that there was no defect in the rendition warrant. The trial court indicated that to compel the demanding state to forward a second set of identical papers once the asylum state had remedied the defect in its warrant would be "holding form over substance." From that judgment, the plaintiff has taken this appeal.

In his brief the plaintiff has raised various issues not raised in the trial court. Issues not raised in the trial court will not be considered on appeal. Practice Book, 1978, § 3063; *New Haven Savings Bank* v. *Valley Investors,* 174 Conn. 77, 83, 384 A.2d 321 (1977). There are no circumstances in this case to justify an exception to the rule. "Only in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court."[1] *New Haven Savings Bank* v. *Valley Investors,* supra, 84, citing *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973). We consider only the limited issues which gave rise to this appeal.

The first issue raised in this appeal is whether an asylum state may issue a second rendition warrant based upon original requisition papers where habeas corpus relief has been granted due to a flaw

---

[1] We are aware that the plaintiff is appearing pro se in this appeal. We note in this regard that "[a] party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated . . . assumes a most difficult task." *O'Connor* v. *Solomon,* 103 Conn. 744, 745, 131 A. 736 (1926). "Under the circumstances this court will, however, exhibit some degree of leniency towards the defendants, who have appeared pro se, although we cannot, and will not, entirely disregard the established rules of procedure, adherence to which is necessary in order that . . . the real issues in controversy may be presented and determined." *Hartford National Bank & Trust Co.* v. *DiFazio,* 177 Conn. 34, 39 n.2, 411 A.2d 8 (1979).

in the first rendition warrant. In his argument the plaintiff relies upon General Statutes § 54-163 which states, in part: "If the governor decides that the demand should be complied with, he shall sign a warrant of arrest . . . ." The plaintiff would have us interpret the word "a" to mean the governor is limited to just one warrant. This contention, however, overlooks the provision of General Statutes § 54-177 which states: "The governor may recall his warrant of arrest or may issue another warrant whenever he deems proper."

Moreover, in General Statutes §§ 54-157 through 54-185, Connecticut has enacted the Uniform Criminal Extradition Act. Since this chapter constitutes a uniform act, precedents from other jurisdictions are helpful in construing the act. A rendition warrant need not be drawn in any particular form or language, and clerical errors or technical faults or variances will not affect its validity. *Fernandez* v. *Phillips,* 268 U.S. 311, 45 S. Ct. 541, 69 L. Ed. 970 (1925); *Self* v. *People,* 133 Colo. 524, 297 P.2d 887 (1956); 31 Am. Jur. 2d, Extradition § 61. Indeed, this court has recognized the validity of an extradition proceeding where sufficient ground for detention exists and where defects may have occurred in the original arrest or commitment. *Glavin* v. *Warden,* 163 Conn. 394, 400, 311 A.2d 86 (1972). Thus, under the statute and case law, the governor had the right to issue a second rendition warrant.

The plaintiff next contends that the doctrine of res judicata prevents issuance of the second warrant. "In a criminal, as well as in a civil case, the doctrine of res adjudicata requires that a judgment in a former action between the same parties be held conclusive as to any issue therein determined."

*State* v. *Camera,* 132 Conn. 247, 249, 43 A.2d 664 (1945). The doctrine is enforced on the ground of public policy and seeks to prevent a multiplicity of actions. *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 316–17, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or might have been made. *Local 1219* v. *Connecticut Labor Relations Board,* 171 Conn. 342, 355, 370 A.2d 952 (1976).

There must be a judgment on the merits, however, in order to invoke the doctrine of res judicata. Cases disposed of on technical grounds are not judgments on the merits. *Hoffman* v. *Blaski,* 363 U.S. 335, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); 46 Am. Jur. 2d, Judgments § 477. Since there was no judgment on the merits, there was no res judicata bar to the second action.

There is no error.

In this opinion PETERS, J., concurred.

COTTER, C. J. (concurring). In concurring with the majority opinion I would like to stress the fact that the discharge in a prior habeas corpus proceeding of one held for extradition generally bars later proceedings within the same jurisdiction based on identical issues and evidence. The earlier judgment is res judicata only with regard to the issues of law and fact necessarily involved in the finding that the prisoner was illegally in custody at the time. *Collins* v. *Loisel,* 262 U.S. 426, 430, 43 S. Ct. 618, 67 L. Ed. 1062 (1923) (Brandeis, J.). The res judicata bar does not apply in cases where the first

discharge was granted because of insufficient process or a procedural error. *Ex parte Schorer,* 195 F. 334, 338 (E.D. Wis. 1912); *State ex rel. Cacciatore* v. *Drumbright,* 116 Fla. 496, 156 So. 721 (1934); *Kurtz* v. *State,* 22 Fla. 36 (1886) (defective commitment); *People ex rel. Ritholz* v. *Sain,* 26 Ill. 2d 455, 187 N.E.2d 241 (1963) (no bar to second requisition charging the same crime but eliminating the defects that made the first requisition insufficient); *People ex rel. Mark* v. *Toman,* 362 Ill. 232, 236–37, 199 N.E. 124 (1935) (warrant and affidavit disagreed and thus were insufficient requisition papers); *In re Crandall,* 59 Kan. 671, 676, 54 P. 686 (1898); *In re Maldonado,* 364 Mass. 359, 364, 304 N.E.2d 419 (1973); *In re Ray,* 215 Mich. 156, 183 N.W. 774 (1921); *Debski* v. *State,* 115 N.H. 673, 348 A.2d 343 (1975) (second discharge denied where initial discharge based on fact that the governor had not yet issued the warrant required); *People ex rel. Grant* v. *Doherty,* 42 Misc. 2d 239, 245, 247 N.Y.S.2d 759, rev'd on other grounds, 21 App. Div. 2d 829, 251 N.Y.S.2d 596 (1964); *Bebeau* v. *Granrud,* 184 N.W.2d 577 (N.D. 1971) (no res judicata bar, first discharge grounded upon failure to serve the governor's rendition warrant within the thirty day statutory period); *State ex rel. Yarbrough* v. *Snider,* 465 P.2d 739 (Or. App. 1970) (no res judicata bar, first discharge based upon failure to authenticate documents from the demanding state); *Commonwealth ex rel. Edgar* v. *Davis,* 425 Pa. 133, 137, 228 A.2d 742 (1967); *Commonwealth ex rel. Douglass* v. *Aytch,* 225 Pa. Super. 195, 310 A.2d 313 (1973).

In this case, the grant of the habeas corpus discharge upon the first warrant was on procedural grounds; viz: the technical defect. The second

warrant is enforceable only because the disposition on the first warrant was on procedural rather than substantive grounds. The first adjudication did not decide the issues of law and fact involved in the second warrant. The fact that a prisoner held for extradition has been discharged through habeas corpus proceedings is not a bar to a second application or requisition for extradition where the discharge was for an irregularity in the extradition proceeding which is corrected in the second requisition. 33 A.L.R.3d 1446, "Habeas Corpus Discharge—Extradition Bar" § 4; 39 Am. Jur. 2d, Habeas Corpus § 161; 39A C.J.S., Habeas Corpus § 228 and cases cited above.

In this opinion HEALEY and PARSKEY, Js., concurred.