[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants move for summary judgment on three grounds: First, they claim that the plaintiff's complaint is barred by the doctrine of res judicata. Second they claim that plaintiff failed to exhaust his administrative remedy. Third, they claim that plaintiff cannot maintain an action in tortious interference.
The court does not believe that the doctrine of res judicata applies in this case. In order to invoke the doctrine of res judicata there must be a decision on the merits. Corey v. Avco-Lycoming Division, 163 Conn. 309, 316. The decision which the defendants rely on was not a decision on the merits, but a decision on technical grounds. Thus res judicata does not apply. Cain v. Moore, 182 Conn. 470, 474. The issue to which res judicata applies must have been actually litigated and necessarily determined in a prior action. State v. Ellis,197 Conn. 436, 463.
It is a question of fact as to whether the plaintiff has failed to exhaust his administrative remedy. The prior decision states that the complainant did not sufficiently allege in his pleadings that he had exhausted the administrative remedies available to him, and failed to submit counter affidavits or other material on that issue. The court does not believe that the prior ruling on short calendar is sufficient to sustain the claim of res judicata in this case in light of the fact that the plaintiff now alleges that he has exhausted his administrative remedies.
The third count of the complaint alleges that the reasons as advanced by Defendant Sullivan for the demotion were false, malicious, and improper under the collective bargaining agreement and personnel rules of the City of Hartford. The court believes such an allegation constitutes a claim for tortious interference with his contractual rights. It is a question of fact as to whether Sullivan was acting within the scope of his authority where the plaintiff alleges that his actions were false and with malice.
Accordingly, the motion for summary judgment is denied.
FRANCES ALLEN SENIOR JUDGE