[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This habeas action was initially brought by a petition dated September 3, 1992. Subsequently, by pleading dated October 30, 1995, the petitioner filed an Amended Petition in which he alleges, inter alia, that his present confinement is illegal on the basis of his claim that, at trial, he was denied the effective assistance of counsel. His particular assertions are that, at and before trial, his trial counsel was terminally ill, and was disoriented and confused as a result of medication, his trial counsel failed to conduct an adequate pre-trial investigation, his trial counsel failed to demand that the prosecution specify in the charging document the exact times on which the State alleged the crimes charged had been committed, he failed to demonstrate to the jury that the alleged victim had lied to investigating police officers although such information was available to him and admissible at trial, and that he failed to prepare and submit to the trial court adequate and proper Requests to Charge the Jury.
By pleading dated November 3, 1995, the respondent filed a Motion to Dismiss claiming that the petition fails to comply with Practice Book § 529A(3), and that the petition presents essentially the same grounds as a prior petition for a new trial previously denied by the court. As such, the respondent argues, this petition is barred from re-litigation under the doctrine of collateral estoppel and/or res adjudicata. This Memorandum addresses the respondent's Motion to Dismiss. CT Page 4207
As a preliminary matter, the court finds the following facts.
Following a jury trial, the petitioner was convicted of the offenses of Robbery in the First Degree in violation of C.G.S. § 53a-134 (a)(3), Assault in the First Degree in violation of C.G.S. § 53a-59 (a)(1), Attempted Assault in the First Degree in violation of C.G.S. § 53a-49 (a)(2) and § 53a-59
(a)(1), Burglary in the Third Degree in violation of C.G.S. §53a-103 (a), and two counts of Assault on a Peace Officer in violation of C.G.S. § 53a-167c(a)(1). On April 17, 1992 the petitioner was given a total effective sentence of twenty two years confinement in the custody of the Commissioner of Corrections.
Following judgment, the petitioner appealed his conviction. He also filed a Petition for a New Trial in the Superior Court, New Haven Judicial District, a matter which was docketed as No. 330368, and in which the petitioner appeared pro se. While the petitioner's appeal was pending, the court, DeMayo. J., conducted an evidentiary hearing on the Petition for a New Trial. By Memorandum of Decision dated August 31, 1992, Judge DeMayo denied the Petition for a New Trial.
Subsequently, The Appellate Court heard and decided the petitioner's appeal from his criminal conviction. In its decision dated August 30, 1994, the Appellate, based on its determination that the trial court had failed to give an instruction on an essential element of the offense of Robbery in the First Degree, reversed the judgment with respect to that charge only, and remanded the case for a new trial on that charge. cf. State v.Brown, 35 Conn. App. 699 (1994). Both the State and the Petitioner sought certification for appeal from the Appellate Court. Both were denied. cf. State v. Brown, 231 Conn. 932
(1994).
The petitioner is currently an inmate in the custody of the Commissioner of Corrections.
The respondent asserts two grounds for his Motion to Dismiss. He claims that the petition should be dismissed because it fails to conform to P.B. § 529A(3) which requires the petition to state, "(3)whether the legal grounds upon which the petition is based were previously asserted at the criminal trial, on direct appeal or in any previous petition." The respondent is correct. CT Page 4208 Nowhere in the Amended Petition has the petitioner set forth allegations which satisfy the requirements of PB § 529A. But for the respondent's asserted second basis for his Motion to Dismiss, the court would dismiss the petition on the first ground unless, within thirty days from the date of this Memorandum, the petitioner files an Amended Petition which conforms to the dictates of P.B. § 529A. However, because of the court's dispositive response to the respondent's second ground, it would be idle for the court to rule on this first ground.
Turning to the respondent's second basis for his Motion to Dismiss, the respondent alleges that the petitioner is barred from re-litigating the claims he asserts in this petition because they were the subject of his Petition for a New Trial, already decided by the court. As such, the respondent claims, the petitioner is estopped from re-asserting claims he made in his Petition for a New Trial. Analysis of this claim requires some discussion of the issues raised in the Petition for a New Trial as well as the contents of Judge DeMayo's decision.
At the hearing on the respondent's Motion to Dismiss, the court received as evidence the transcript of proceedings before Judge DeMayo in the petitioner's Petition for a New Trial. cf. Respondent's Exhibit A. (referred to as T, infra) The court also takes judicial notice of the Memorandum of Decision rendered by the court, DeMayo. J., in that matter.
At the beginning of the hearing before Judge DeMayo there was a brief colloquy between the court and the petitioner in which the petitioner informed he [the] court that he intended to prove that his trial counsel was taking a mind-altering drug at the time he was representing him in his trial, and the petitioner further stated that, "And I do have evidence to present to the Court which he was inadequate." T. 4-5. The court responded, "I pointed out to you that that is another claim entirely. It does not entitle to a new trial, if that is true. That's a separate remedy. Some of that may be appropriate for the appeal, but that's a separate habeas corpus proceeding. But he's here, ready to answer questions. Maybe that's the way we should go. Do you want to start with him, or do you want to start with State's Attorney?" T. 5. The petitioner then called as a witness Attorney Wayne Sadick, who had represented him at trial.
During his examination of Atty. Sadick, the petitioner questioned him extensively concerning whether he was taking mind CT Page 4209 altering medications during the trial. In addition, he questioned him about his pre-trial activities, including whether he obtained the police report (T. 16), victims' statements (T. 18), and the results of medical tests performed on him after he had been arrested. (T. 26-27) He complained to the court that Atty. Sadick did not confer with him adequately before the trial (t. 28-29), and he asserted that Atty. Sadick had failed to raise as trial self defense and diminished capacity as issues at trial (T. 29). He also alleged that Atty. Sadick did not adequately cross examine the complaining witness at trial in regard to her own police records. (T. 33)
Relevant to the court's consideration of the present implications of the hearing on the Petition for a New Trial is the following statement made by Judge DeMayo in the course of the hearing: "Mr. Brown, let me try once more. I said to you before, you have to show two things, that this performance was substandard, and that it caused you to be convicted. If that were a habeas corpus proceeding, that would be what you would be trying to prove. Here, you're trying to show that through his performance a grave injustice was done, and you were improperly and unjustly convicted." T. 104-105.
The court, DeMayo. J., denied Mr. Brown's Petition for a New Trial. In its decision, the court noted that the petitioner had claimed that his trial counsel was incompetent due to the influence of a mind altering drug (Percocet). The court also noted that the petitioner had claimed that the failure of his counsel to act as he felt he should reflected inadequate representation. Finally, the court noted that the petitioner had asserted in a second count a separate claim that his attorney failed to obtain and use as evidence medical documents that could have assisted in his defense in proving his innocence.
In the analysis portion of its decision, the court stated the following, "While the court in the preceding discussion has dealt with the drug allegation and specific examples of alleged ineffective assistance of counsel, it is appropriate for the court to deal with the overall issue of adequate representation."State v. Brown, No. 330368, Memorandum of Decision, August 31, 1992. The court expressed its view that the evidence against the petitioner at trial was overwhelming and that his counsel, made the most of a bad situation. Id. The court concluded, "The court concludes that this petitioner received adequate assistance of counsel, that he had no identifiable viable defenses, and that he CT Page 4210 was in no way prejudiced by the representation he received." Id.
It is the court's view that the issue of whether Judge DeMayo's decision is res adjudicata to the issue of ineffective representation of counsel in this habeas proceeding is properly raised through a Motion to Dismiss filed pursuant to P.B. § 529H. Thus, while collateral estoppel might normally be raised as matter of affirmative defense in civil pleadings, here, where the transcript and Memorandum of Decision from the Petition for a New Trial are both available to the court, this mixed question of law and fact can be decided on a Motion to Dismiss.
The petitioner raises several objections to the Motion to Dismiss. He claims that Judge DeMayo's decision is not resadjudicata because a Petition for a New Trial is not the proper vehicle to raise the claim of ineffective assistance of counsel. He further argues that the parties are not the same in both actions. Finally, he claims that Judge DeMayo did not decide all of the issues actually raised in this habeas petition.
The petitioner is incorrect in his assertion that the claim of ineffective assistance of counsel can not be raised in a Petition for New Trial. While the Petition for a New Trial is based on a statutory entitlement, the enacting legislation authorizes the court to grant a new trial for several stated reasons, including, ". . . or for other reasonable cause, according to the usual rules in such cases." C.G.S. § 52-270. As early as 1876, the Supreme Court opined that a petition for a new trial should be granted in a criminal case where indicated by considerations of justice and humanity. Anderson v. The State,43 Conn. 514 (1876). More recently, the Supreme Court has held that claims of ineffective assistance of counsel should be raised on a petition for a new trial or on a petition for a writ of habeas corpus. State v. Leecan, 198 Conn. 517 (1986). cf. also, Reillyv. State, 32 Conn. Sup. 349 (1976). Accordingly, the petitioner's Petition for a New Trial was a proper procedure in which to raise his claims of ineffective assistance of counsel.
The petitioner also claims that the parties are not the same to both actions. For the doctrine of res adjudicata to apply, the parties to each action must be the same. In the Petition for a New Trial, the parties were the petitioner and the State. In this action, the parties are the petitioner and the respondent warden. The warden, however, is not sued in his individual capacity, but as the Commissioner of Corrections, and, as such, as an agent of CT Page 4211 the State. It would exalt linguistics over logic to posit that the State and the Warden are different parties where the latter serves as only an agent of the former. The court finds that, for purposes of the application of the doctrine of res adjudicata,
the parties to the Petition for a New Trial and this action are identical.
The petitioner also claims that Judge DeMayo did not decide, in the Petition for a New Trial, all of the issues he raises in this habeas action. The Supreme Court has stated that, "The doctrine of res adjudicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Wade's Dairy, Inc., v.Fairfield, 181 Conn. 556 (1980). It is essential that there be a judgment on the merits in order to invoke the doctrine. Cases disposed of on technical grounds are not judgments on the merits.Cain v. Moore, 182 Conn. 470 (1980). In deciding that the petitioner had not been denied the effective assistance of counsel, Judge DeMayo rendered a decision on the merits of the petitioner's claim.
The petitioner asserts, however, that in this habeas claim, he has raised issues not litigated in his Petition for a New Trial. Indeed, in his Amended Petition, the petitioner has made factual allegations in support of his claim of ineffective assistance that were not made before Judge DeMayo. The doctrine of res adjudicata, however, applies to a judgment rendered on the merits not only as to every matter which was offered to sustain the claim, but . . ."also as to any other admissible matter which might have been offered for that purpose." In Re Juvenile Appeal,190 Conn. 310 (1983). In this habeas action, as in the Petition for a New Trial, the petitioner's essential claim is that he was denied the effective assistance of counsel. It is only the specific factual allegations in support of this claim that vary. The petitioner has made no allegation, however, that he was unable to frame and pursue these factual allegations as part of his Petition for a New Trial. The Supreme Court has opined that, "Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might CT Page 4212 have been offered for that purpose. (citations omitted)", Statev. Aillon, 189 Conn. 416 (1983).
The petitioner makes the final claim that it would be inequitable to bar him from pursuing his habeas claim because he was unrepresented in the prior action, and he is entitled to counsel in the habeas action. The court agrees that pursuant to the dictates of C.G.S. § 51-296, the petitioner is entitled to be represented in a habeas action in which he is attacking his conviction. His entitlement, however, is based on statute and not of constitutional dimensions. Lozada v. Warden, supra. His entitlement to counsel in a habeas action is not, however, absolute. Accordingly, where counsel believes that a habeas petition contains no non frivolous claims, counsel may seek to withdraw from representation with the result that a petitioner may be left without representation in a habeas matter. cf. Andersv. California, 386 U.S. 738 (1967), State v. Pascucci, 161 Conn. 382
(1971), PB § 952. In this case, a review of the transcript from the hearing on the Petition for a New Trial reveals that Judge DeMayo was sensitive to the petitioner's status as a pro se litigant, allowing him great leeway in his presentment of evidence, even taking as evidence the petitioner's representation of what an absent witness would have said if he were available to testify before Judge DeMayo. And yet, after hearing all the evidence including a reading of the underlying criminal trial transcript, Judge DeMayo concluded that there was no basis to the petitioner's claim of ineffective assistance of counsel. Moreover, he found the petitioner's testimony incredulous and the State's case against him overwhelming. Under those circumstances, it can not be said that justice requires the continuation of the same claim in the habeas forum on the basis that the petitioner now has the benefit of counsel to aid in its pursuit. To validate this claim would be to suggest that in each case in which a convicted inmate believes he has a claim of ineffective assistance of counsel relating to his trial counsel, he or she should first pursue the claim pro se through a Petition for a New Trial, and then, if unsuccessful, re-litigate the matter in the habeas forum with the benefit of counsel. Such an outcome is unwarranted in law or in justice.
For the reasons stated, the respondent's Motion to Dismiss is granted.
Bishop J. CT Page 4213