CHARLES EDGAR STONE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5582

February 3, 1969        450 P.2d 136

---

[Rehearing denied March 18, 1969]

*James D. Santini,* Public Defender, *Earle W. White, Jr.,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On December 3, 1966, the appellant, Charles Edgar Stone, while he was being held in jail in Quay County, New Mexico, under warrant of arrest issued by the State of Nevada charging him with being a fugitive from justice, filed a petition for a writ of habeas corpus to test his detention. The matter came on for hearing on January 23, 1967, in a district court of that state. Timely notice was given, but no representative from the State of Nevada was present at the hearing. On January 24, 1967, an order was filed in that court releasing the appellant upon the finding that there was no evidence to indicate that he was in the State of Nevada on the date the alleged crimes were committed.

Shortly after his release appellant was arrested by federal authorities for violation of the Dyer Act. He was thereupon convicted and sentenced to four years in the federal penitentiary at Leavenworth, Kansas. After his incarceration in the federal penitentiary a detainer warrant was issued by the State of Nevada and lodged against him.

Without ever filing a motion or request with the authorities in Clark County demanding that he be afforded a speedy trial, the appellant filed his petition for a writ of mandamus in the lower court demanding that the State of Nevada be required to dismiss the criminal complaint on file against him and that the outstanding warrant of arrest be quashed.

As the basis for his petition, the appellant alleged that he was being denied his constitutional right to a speedy trial; that NRS 169.165[1] (now NRS 178.558) is inapplicable and unconstitutional and, that the New Mexico determination in the habeas corpus proceeding is res judicata in Nevada.

Petitioner now urges these same points in this appeal.

---

[1]NRS 169.165. "The right to a speedy trial guaranteed by the constitution of the State of Nevada and by this chapter is satisfied, in the case of a defendant who before being brought to trial in this state is held in custody in another state for a crime committed in that state, by a trial within a reasonable time after his release from such custody, and no motion to discharge such person from custody in this state may be granted if the requirements of this section are met."

Whether or not a defendant has been denied his right to a speedy trial depends upon the circumstances of each case. Scott v. State, 84 Nev. 530, 444 P.2d 902 (1968); Barker v. State, 84 Nev. 224, 438 P.2d 798 (1968).

In Klopfer v. North Carolina, 386 U.S. 213 (1967), it was held that, by virtue of the Fourteenth Amendment, the right guaranteed by the Sixth Amendment of the United States Constitution, to a speedy trial is enforceable against the states.

In Smith v. Hooey, 37 U.S.L.W. 4095 (U.S. Jan. 20, 1969), the petitioner, Richard M. Smith, was incarcerated in the federal penitentiary at Leavenworth, Kansas. Although he had made repeated requests to the State of Texas for a speedy trial, he was denied the same for more than six years. Finally the petitioner filed in the trial court a verified motion to dismiss the charge against him for want of prosecution. No action was taken on the motion. Smith then brought a mandamus proceeding in the Supreme Court of Texas, asking for an order to show cause why the pending charge should not be dismissed. Mandamus was refused. In deciding the case, the United States Supreme Court said: *"Upon the petitioner's demand,* Texas had a constitutional duty to make a diligent good faith effort to bring him before the Harris County court for trial. (Emphasis added.)

As a prerequisite to being afforded a speedy trial, a defendant incarcerated in a federal penitentiary, must make a request to the demanding state that he be immediately returned for trial.

Not until the appellant makes a request to this state for his return for a speedy trial does the State of Nevada have a constitutional duty to make a diligent good-faith effort to bring him before the Clark County court for trial.

Here the appellant, Stone, wants to start at the top of the ladder. Without ever making a request upon the State of Nevada, to be returned to this state for the purposes of a speedy trial, he summarily files his petition for a writ of mandamus demanding that the complaint against him be dismissed.

We find that because of the appellant's failure to request an immediate trial he has not been denied his constitutional right to a speedy trial.

After a defendant has made an effective request for a speedy trial, incarceration in a federal penitentiary no longer constitutes good cause for delay in bringing him to trial. We do not reach the question of whether NRS 169.165 (now NRS 178.558) is applicable to the appellant in his present state as a federal prisoner in a federal penitentiary, or whether that statute is an unconstitutional enactment.

We next turn to appellant's contention that the order of the New Mexico court making the writ of habeas corpus permanent and releasing him from custody is res judicata and a bar to any further prosecution of him under the criminal complaint filed in this state. We reject that contention.

A discharge by writ of habeas corpus, being merely from custody and not from penalty, does not operate as an acquittal and is not a bar to subsequent proceedings. See People v. Toman, 199 N.E. 124, 102 A.L.R., 379 (Ill. 1935); Letwick v. State, 198 S.W.2d 830 (Ark. 1947); Ex parte Barron, 222 S.W.2d 241 (Mo. 1949); State v. Adams, 115 S.E.2d 158 (W.Va. 1960); People v. Sain, 187 N.E.2d 241 (Ill. 1962), cert. den., 374 U.S. 807 (1963); People v. Doherty, 247 N.Y.S.2d 759 (1964).

The determination by the New Mexico court that the appellant must be released is not res judicata in New Mexico, nor is it res judicata in Nevada (See NRS 34.590).[2]

The appellant was released from custody in the State of New Mexico because there was a defect of proof concerning his identity and his presence in the State of Nevada at the time the alleged crimes were committed. If, subsequent to his release, there had been sufficient proof presented to the New Mexico authorities of his identity and presence in the State of Nevada, he could have been again arrested in that jurisdiction and

---

[2]NRS 34.590. "No person who has been discharged by the order of the judge upon habeas corpus issued pursuant to the provisions of this chapter shall be again imprisoned, restrained or kept in custody for the same cause, except in the following cases:

"1. If he shall have been discharged from custody on a criminal charge and be afterwards committed for the same offense by legal order or process.

"2. If after a discharge for defect of proof, or for any defect of the process, warrant or commitment in a criminal case, the prisoner be again arrested on sufficient proof and committed by legal process for the same offense."

subjected to further legal process. (See New Mexico Statutes, 1953, Chapter 22, Article 11, Sec. 28.)

*A fortiori* if the appellant was subject to further legal process in the state of his release he is indeed subject to legal process on the merits in this state.

In State v. Wall, 244 N.W. 811 (Minn. 1932), the court there held that the earlier release on habeas corpus by Kansas on an extradition proceeding was not res judicata in Minnesota because it wasn't res judicata in Kansas, and they went on to adopt the following language from Kurtz v. State, 22 Fla. 36 (1886): "The courts in a habeas corpus proceeding of this kind, where the prisoner is arrested for extradition, cannot go into a trial of the merits of the cause. The proceeding is only an initiatory step to a trial in another State. As to the guilt of the prisoner, they are not allowed to inquire. Their judicial powers are limited to a determination on the sufficiency of the papers and the identity of the prisoner. If the prisoner is discharged, it will not absolve him from being re-arrested on a new warrant issued by the Governor."

Had the appellant been released from custody by a district court here in the State of Nevada upon a writ of habeas corpus because of defect of proof of identification, he could have been again charged and rearrested pursuant to NRS 34.590, upon sufficient proof of identity, and he could have been re-committed by legal process for the offenses charged in the criminal complaint.

For the reasons stated we find that the appellant has not been denied his constitutional right to a speedy trial, nor was his discharge from custody in New Mexico by a writ of habeas corpus a bar to proceeding against him on the complaint filed in this state. The order of the district court dismissing his petition for a writ of mandamus is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.