## THE STATE OF NEVADA, Appellant, v. PAUL ERENYI, Respondent.

Nos. 5691 and 5692

May 2, 1969                                      454 P.2d 101

*Harvey Dickerson,* Attorney General; and *George E. Franklin, Jr.,* District Attorney, and *Jerry J. Kaufman,* Special Deputy District Attorney, Clark County, for Appellant.

*James D. Santini,* Public Defender, and *Robert N. Peccole,* Deputy Public Defender, Clark County, for Respondent.

## O P I N I O N

By the Court, MOWBRAY, J.:

In these appeals we are asked to determine the constitutionality of NRS 178.558, which became effective on January 1, 1968,[1] and superseded NRS 169.165,[2] which was in effect when the events which gave rise to these appeals occurred. In substance both statutes provide that in cases where the defendant is held in custody by another state his constitutional right to a speedy trial is satisfied if he is brought to trial within "a reasonable time" after his release from such custody. Both statutes go further and add that no motion to discharge a defendant from custody may be granted if the State complies with the provisions of the statutes.

On July 13, 1967, two criminal complaints were filed against Paul Erenyi. One complaint charged Erenyi with Burglary in the First Degree and Burglary in the Second Degree. The other complaint charged respondent with a gross misdemeanor, Conspiracy to Commit Burglary. All three offenses allegedly occurred on July 6, 1967. Respondent was arrested and arraigned in Justice Court, and his preliminary hearing on the two complaints was set for January 9, 1968. He had been on parole from California, and when he was charged in Nevada his California parole was revoked and he

---

[1]NRS 178.558. "Time for trial of defendant held in custody in another state. A defendant who before being brought to trial in this state is held in custody in another state for a crime committed in that state shall be brought to trial within a reasonable time after his release from such cusody, and no motion to discharge such a person from custody in this state may be granted if the requirements of this section are met."

(Added to NRS by Stats. Nev. 1967, ch. 523, § 379, effective January 1, 1968.)

[2]NRS 169.165. "Defendant's right to speedy trial: Defendant held in custody in another state. The right to a speedy trial guaranteed by the constitution of the State of Nevada and by this chapter is satisfied, in the case of a defendant who before being brought to trial in this state is held in custody in another state for a crime committed in that state, by a trial within a reasonable time after his release from such custody, and no motion to discharge such person from custody in this state may be granted if the requirements of this section are met."

(Added to NRS by Stats. Nev. 1965, ch. 478; repealed by Stats. Nev. 1967, ch. 523, § 447, effective January 1, 1968.)

was incarcerated in San Quentin. Consequently, he was not present for his preliminary hearings on January 9.

In April 1968 Erenyi wrote the Clark County Public Defender, explaining that a "hold" or "detainer" had been placed on him as a result of the Nevada charges and that the hold was obstructing his program of rehabilitation. He solicited the Defender's assistance and asked that he be brought to trial in Nevada as soon as possible. The Defender made such a request in a letter to the Clark County District Attorney, who through his deputy replied to the effect that he did not intend to proceed with the Nevada charges until Erenyi was released from San Quentin. In July 1968 the Defender filed a motion in the district court in each case to dismiss the Nevada charges, on the grounds that Erenyi had been denied his constitutional right to a speedy trial. The district judge granted the motions and in doing so declared NRS 169.165 unconstitutional, from which decisions the State has appealed. Since the same question is presented in both cases, the appeals have been consolidated. We agree with the rulings of the district judge, and we affirm his orders dismissing the Nevada charges against Erenyi and declaring NRS 169.165 (as superseded by NRS 178.558) unconstitutional.

Any accused has the constitutional right to a speedy trial in our state courts, as provided in the Sixth and Fourteenth Amendments to the United States Constitution. Klopfer v. North Carolina, 386 U.S. 213 (1967); Stone v. State, 85 Nev. 60, 450 P.2d 136 (1969); Riley v. State, 83 Nev. 282, 429 P.2d 59 (1967).

The issue on these appeals is whether the right to a speedy trial may be denied a defendant who is incarcerated in another jurisdiction. The recent case of Smith v. Hooey, 393 U.S. 374 (1969), is dispositive of this question. In Smith, the High Court held that the constitutional right to a speedy trial guaranteed by the Sixth Amendment may not be denied to a defendant in custody in another jurisdiction and that, upon the defendant's demand, the state where the charges are pending has a constitutional duty to make a diligent, good-faith effort to afford him a trial within a reasonable time after the demand is made. Mr. Justice Stewart, who wrote for the majority, said, at 377:

"The historic origins of the Sixth Amendment right to a speedy trial were traced in some detail by The Chief Justice in his opinion for the Court in *Klopfer,* 386 U.S., at 223–226, and we need not review that history again here. Suffice it to

remember that this constitutional guarantee has universally been thought essential to protect at least three basic demands of criminal justice in the Anglo-American legal system: '[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself.' *United States* v. *Ewell,* 383 U.S. 116, 120. These demands are both aggravated and compounded in the case of an accused who is imprisoned by another jurisdiction.

"At first blush it might appear that a man already in prison under a lawful sentence is hardly in a position to suffer from 'undue and oppressive incarceration prior to trial.' But the fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge. First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him.

"And while it might be argued that a person already in prison would be less likely than others to be affected by 'anxiety and concern accompanying public accusation,' there is reason to believe that an outstanding untried charge (of which even a convict may, of course, be innocent) can have fully as depressive an effect upon a prisoner as upon a person who is at large. Cf. *Klopfer* v. *North Carolina,* supra, at 221–222. In the opinion of the former Director of the Federal Bureau of Prisons,

" '[I]t is in their effect upon the prisoner and our attempts to rehabilitate him that detainers are most corrosive. The strain of having to serve a sentence with the uncertain prospect of being taken into the custody of another state at the conclusion interferes with the prisoner's ability to take maximum advantage of his institutional opportunities. His anxiety and depression may leave him with little inclination toward self-improvement.' " (Footnotes omitted.)

We conclude that a defendant incarcerated in another jurisdiction has a constitutional right to demand a speedy trial in

the state where the charges are pending and that when knowledge of his incarceration is made known to that jurisdiction by virtue of such a demand, the state has the constitutional duty "to make a diligent, good-faith effort" to bring him to trial within a reasonable time. We find, therefore, that NRS 178.558, which supersedes NRS 169.165, is in derogation of the defendant's right to a speedy trial and that it is unconstitutional, for it provides that an incarcerated person need not be brought to trial until the completion of his sentence and, further, that "no motion to discharge such a person from custody in this state may be granted" if he is not brought to trial until that time.

The judgments of the district court are affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.