HARRY BARR, Appellant, v. SHERIFF, WASHOE
COUNTY, NEVADA, Respondent.

No. 5919

October 1, 1969                459 P.2d 218

*Phyllis Halsey Atkins,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,*
District Attorney, *Kathleen M. Wall,* Deputy District Attorney,
of Reno, for Respondent.

## OPINION

By the Court, Collins, C. J.:

This is an appeal from the denial of a pretrial application
for habeas corpus following a preliminary hearing where appel-
lant was bound over for trial. We affirm the lower court's
order.

Appellant is alleged to have committed a forgery. When
the warrant of arrest was issued appellant was incarcerated in

a federal penitentiary in another state. A detainer was lodged against him. During his federal imprisonment appellant wrote the Sparks police department requesting the district attorney's office to drop the detainer. The request was denied by the district attorney. Within the next two years two caseworkers wrote the district attorney urging the dropping of the detainer. Both requests were refused. Appellant, himself, wrote the district attorney asking that the detainer be dropped. That request was also refused. In March of 1969 appellant notified the district attorney he was filing a motion in the justice court to dismiss the charge for want of prosecution. No action was taken by the justice of the peace on the motion. Appellant was thereafter extradited from Washington to Nevada in the latter part of March 1969 upon his release from the federal penitentiary.

The errors asserted in this appeal are:

(1) There was no proof of corpus delicti of the crime of forgery during the preliminary hearing.

(2) Appellant has been denied his constitutional right to a speedy trial.

1.   There is no substance to the first alleged error and we sustain the lower court's ruling. There was ample proof of the corpus delicti to support the magistrate's determination of probable cause for forgery.

2.   Appellant has a federal constitutional right to a speedy trial which is enforceable against the states. Klopfer v. North Carolina, 386 U.S. 213 (1967). This right is assured to an accused charged in one jurisdiction but incarcerated in another. Smith v. Hooey, 393 U.S. 374 (1969). Those rights are recognized in Nevada provided there is first a demand. Stone v. State, 85 Nev. 60, 450 P.2d 136 (1969); State v. Erenyi, 85 Nev. 285, 454 P.2d 101 (1969).

Appellant argues however, that (1) the right arises whenever the state in which the charges are pending has knowledge of a defendant's incarceration in another state; or (2) that in any event the letters written by and on behalf of appellant constitute an effective demand at least in substance. The first argument we reject completely. The second argument requires discussion.

Appellant admits that nothing said by or on his behalf constituted an unequivocal demand for trial. But appellant urges communications on his behalf indicated that appellant wanted some disposition of his case, one way or the other,

that is, either a dismissal or return to Nevada for immediate trial.

The trial court found that the communications as a whole did not constitute a demand for trial. We agree. We do not say specific words must be used to constitute a valid demand, but clearly the words used must substantially convey that message. Here the substance of the messages constituted various entreaties for dismissal of the charge, not immediate trial.

The order below is sustained.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.