STATE OF NEVADA, APPELLANT, v. LAWRENCE CHARLES TITHERINGTON, RESPONDENT.

No. 6162

December 10, 1970                          477 P.2d 589

*Harvey Dickerson,* Attorney General; *William J. Raggio,* District Attorney, *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Appellant.

*H. Dale Murphy,* Public Defender, *William N. Dunseath,* Deputy Public Defender, Washoe County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On January 28, 1969, a complaint was filed charging the respondent with the crimes of grand larceny and receiving stolen goods. Those violations were alleged to have occurred on January 21, 1969. On the date that the complaint was filed the respondent was incarcerated in the Nevada State Prison, having been returned there as a parole violator to serve out the remainder of his previous sentence.

By a letter dated June 24, 1969, addressed to the Washoe County district attorney, the respondent requested that office to consider dropping the charges lodged against him under the complaint filed on January 28, 1969. He made no demand to be brought to trial but stated that he had matured and wished to enter a branch of the armed services at the conclusion of his imprisonment. The respondent claims that he was not aware of the criminal complaint until just before June 24, 1969. The charges were not dropped. On October 24, 1969, when the

respondent was released from prison, he was returned to Washoe County to stand trial for the alleged crimes of grand larceny and receiving stolen goods.

On November 19, 1969, the respondent filed his petition for a writ of habeas corpus, claiming a denial of his right to a speedy trial. The writ was issued on November 20, 1969. On December 12, 1969, a hearing was held. The writ was made permanent and the respondent ordered released from custody.

The appellant contends that the trial court erred when it ordered the writ to be made permanent and the respondent released from custody, because it remained the respondent's responsibility to demand a trial on the pending charges while he was incarcerated in the Nevada State Prison, and his failure to do so amounted to a waiver of his constitutional right to a speedy trial.

The right of an accused to a speedy trial under the United States Constitution is now applicable to the several states by virtue of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213 (1967).

In Smith v. Hooey, 393 U.S. 374 (1969), the High Court held that an accused while incarcerated on another charge had a right to a speedy trial, but said: *"Upon the petitioner's demand,* Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial." (Emphasis added.)

After the High Court entered its opinion in Smith v. Hooey, supra, this court, on several occasions, has considered the question of a speedy trial for an accused incarcerated on another charge. In Stone v. State, 85 Nev. 60, 450 P.2d 136 (1969), we said: "Not until the appellant makes a request to this state for his return for a speedy trial does the State of Nevada have a constitutional duty to make a diligent good-faith effort to bring him before the Clark County court for trial."

In State v. Erenyi, 85 Nev. 285, 454 P.2d 101 (1969), it was stated: "We conclude that a defendant incarcerated in another jurisdiction has a constitutional right to demand a speedy trial in the state where the charges are pending and that when knowledge of his incarceration is made known to that jurisdiction by virtue of such a demand, the state has the constitutional duty . . . to bring him to trial within a reasonable time."

In Barr v. Sheriff, 85 Nev. 555, 459 P.2d 218 (1969), there was, as here, a request by the accused to drop the pending charges. In holding that the request was insufficient to constitute a demand for trial this court said: "We do not say specific words must be used to constitute a valid demand, but clearly the words used must substantially convey that message. Here the substance of the messages constituted various entreaties for dismissal of the charge, not immediate trial."

The trial court specifically found that the respondent was under no duty to make a demand for a speedy trial. The reason for its conclusion is based on the fact that the appellant knew that the respondent was in the Nevada State Prison and readily available for trial.

The trial court has misconstrued the clear meaning of State v. Erenyi, supra, and read into that case the notion that once the prosecuting authority has knowledge of the accused's whereabouts it has an obligation to bring him to trial. That case does not depart from the requirement that the accused must make a demand for trial upon the proper authorities, and it requires the prosecuting authority to bring the accused to trial only after it has knowledge of his incarceration "by virtue of such a demand." Here the knowledge of the accused's whereabouts was not imparted by a demand for trial but by a letter requesting that all charges be dropped.

The place of incarceration is immaterial. If an accused, incarcerated in the Nevada State Prison, is charged with the commission of another crime in this state and wishes to be tried on that charge, before his release, he must make a demand for trial upon the proper authorities. Smith v. Hooey, supra; Stone v. State, supra; see Dickey v. Florida, 398 U.S. 30 (1970).

The order of the district court making permanent the writ of habeas corpus and releasing the respondent from custody is reversed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.