ROBERT EARL WOOD, Appellant, v. SHERIFF,
CARSON CITY, NEVADA, Respondent.

No. 6947

October 13, 1972         501 P.2d 1034

*Gary A. Sheerin,* State Public Defender, for Appellant.

*Michael E. Fondi,* District Attorney, and *Ronald T. Banta,*
Deputy District Attorney, Carson City, for Respondent.

## OPINION

By the Court, Thompson, J.:

The sole issue is whether the appellant has been denied his
Sixth Amendment right to a speedy trial. In May 1969 he

was charged in Nevada with embezzlement. Fourteen months later, while incarcerated in Colorado, he learned of the pending Nevada charge and immediately wrote the Nevada district attorney requesting a "disposition of this charge." The district attorney did not respond. Three months later he wrote the justice of the peace seeking relief. Again, no response. Later still, a California attorney, acting on his behalf, asked that action be taken by the prosecutor, but to no avail. Meanwhile, Nebraska had charged the appellant with the commission of a crime in that state. He asked Nebraska to honor his right to a speedy trial and Nebraska did so. He was there brought to trial, found guilty, sentenced to prison and allowed to serve his Nebraska sentence concurrently with the prior Colorado sentence. When released from prison the appellant was returned to Nevada to stand trial. Sixteen months had passed since his letter to the Nevada prosecutor requesting disposition of the Nevada charge.

Klopfer v. North Carolina, 386 U.S. 213 (1967), held that, by virtue of the Fourteenth Amendment, the Sixth Amendment right to a speedy trial is enforceable against the states as "one of the most basic rights preserved by our Constitution." Id. at 226. Moreover, that right is to be respected even though the accused is serving a prison sentence imposed by another jurisdiction. Smith v. Hooey, 393 U.S. 374 (1969). Not until this year, however, did the High Court specify the criteria by which the speedy trial right is to be judged. In Barker v. Wingo, 407 U.S. 514 (1972), it did so. The Court there approved a balancing approach in which the conduct of both the prosecution and the defendant are weighed, and identified four factors which should be assessed in deciding whether a defendant has been deprived of his right.[1] Those factors are the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

In the matter at hand, sixteen months passed between the defendant's request for disposition of the charge against him

---

[1]The Court also rejected the demand-waiver doctrine as the only criteria, e.g., that a defendant waives any consideration of his right to a speedy trial for any period prior to which he has not demanded a trial. Prior decisions of this court appear to have utilized that doctrine. See: Stone v. State, 85 Nev. 60, 450 P.2d 136 (1969); Barr v. Sheriff, 85 Nev. 555, 459 P.2d 218 (1969); State v. Erenyi, 85 Nev. 285, 454 P.2d 101 (1969); State v. Titherington, 86 Nev. 843, 477 P.2d 589 (1970).

and his return to this state to stand trial. His request was made as soon as he knew of the pending Nevada charge. The prosecutor has assigned no reason to justify the delay. He simply ignored the defendant's request. Although the record does not reflect that the defendant's ability to defend against the charge has been impaired, it does not follow from this alone that he has not suffered prejudice. In discussing prejudice, the Court in Smith v. Hooey, supra, noted, among other things, "the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed." Id. at 378. That possibility was erased by the prosecutor's failure to try the Nevada case upon demand. Consequently, the defendant must prevail. Accordingly, we reverse the order denying habeas relief and direct that Robert Earl Wood be discharged from custody on the instant embezzlement charge. The remittitur shall issue forthwith.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.