An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID BROWN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHAEL VILLANI, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62619

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION IN PART

This original petition for a writ of mandamus or prohibition challenges an order of the district court granting the State's motion to voluntarily dismiss an information without prejudice and dismissing petitioner's motion to proceed to trial as scheduled or, in the alternative, to dismiss the information with prejudice. Petitioner contends that he was denied his constitutional right to a speedy trial and that the district court erred by concluding that it could not consider his speedy-trial claim and dismissing his motion.

Petitioner was taken into custody on February 9, 2012, and charged by criminal complaint on August 16, 2012, with a number of robbery related offenses. Two and a half months after the complaint, an information was filed alleging the same offenses and a trial was scheduled

13-07605

to begin on the information on January 14, 2013. Three days before trial, the State obtained an indictment charging petitioner with the same offenses contained in the information and trial was scheduled to begin on those charges on March 18, 2013, in a different judicial department. The State then moved to voluntarily dismiss the information without prejudice. Petitioner moved to dismiss the charges with prejudice contending, among other things,[1] that any further delay would violate his Sixth Amendment right to a speedy trial. At a hearing on petitioner's motion, the district court declined to rule on petitioner's speedy-trial claim and concluded that the claim was not properly before that judicial department. We conclude that this was error.

"Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." See NRS 174.095. This includes a claim of constitutional magnitude. See generally State v. Erenyi, 85 Nev. 285, 287, 454 P.2d 101, 102 (1969) (affirming district court's decision to grant defendant's motion to dismiss charges because defendant was denied his constitutional right to a speedy trial). "[T]he proper remedy for a violation of a defendant's constitutional speedy-trial rights is dismissal of the [charging document] with prejudice."

---

[1]We conclude that petitioner has failed to satisfy his burden with respect to his other claims of error. See Winkle v. Warden, 127 Nev. ___, ___, 269 P.3d 898, 899-900 (2011). Any claim alleging conscious indifference to petitioner's procedural rights should be brought in a challenge to the subsequent indictment.

U.S. v. Young, 657 F.3d 408, 413 (6th Cir. 2011), cert. denied, ___ U.S. ___, 132 S.Ct. 1647 (2012); see also Strunk v. United States, 412 U.S. 434, 440 (1973) (considering the severity of this remedy but concluding that dismissal must remain "the only possible remedy" (internal quotation marks omitted)). Had the district court considered petitioner's motion to dismiss and ruled in his favor, the State would be precluded from proceeding with the same charges in a separate charging document. See Mann v. United States, 304 F.2d 394, 397 (D.C. Cir. 1962) ("[D]ismissal based on a finding that the constitutional right to a speedy trial has been denied bars all further prosecution of the accused for the same offense."). Therefore, we conclude that the district court disregarded its duty to rule on petitioner's constitutional speedy-trial claim before permitting the State to dismiss the information without prejudice. See NRS 34.160; State v. Dist. Ct. (Armstrong), 127 Nev. ___, ___, 267 P.3d 777, 779-80 (2011) (discussing when a writ of mandamus will issue). Although petitioner asks this court to order the district court to dismiss the information with prejudice, a constitutional speedy-trial determination is a fact intensive exercise and the record before us is insufficient to determine whether petitioner was denied his Sixth Amendment right to a speedy trial. We therefore grant the petition for extraordinary relief, in part, and direct the clerk of this court to issue a writ of mandamus instructing the district

court to hold a hearing and determine whether petitioner was denied his constitutional right to a speedy trial.[2,3]

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Michael Villani, District Judge
     Bush & Levy, LLC
     Oronoz & Ericsson
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[2]We express no opinion as to whether petitioner and the State can satisfy their respective burdens under the Sixth Amendment. See Doggett v. United States, 505 U.S. 647, 651-52 (1992); Redd v. Sowders, 809 F.2d 1266, 1269 (6th Cir. 1987).

[3]We note that the petitioner has filed a motion for leave to file a reply to the State's answer and the State has opposed that motion. Given our resolution of the petition, we deny the petitioner's motion for leave.

