(No. 29567.—

THE PEOPLE *ex rel.* Nick George Montos, Appellant, *vs.* MICHAEL F. MULCAHY, Sheriff, Appellee.

*Opinion filed September 18, 1946.*

BRODKIN & BIEBER, (IRVING W. EISERMAN, of counsel,) both of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and C. D. PEMBERTON, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks reversal of a judgment of the criminal court of Cook county, in an extradition proceeding, quashing a writ of *habeas corpus* and ordering him delivered to the custody of the agent of the Governor of Alabama as a fugitive from justice.

On May 24, 1945, the Governor of the State of Illinois issued a rendition warrant for the arrest of appellant as a fugitive from justice of the State of Alabama. On May 31, 1945, appellee, sheriff of Cook county, produced appellant before the criminal court of Cook county. On the last-named date appellant filed a writ of *habeas corpus* returnable May 31, 1945, at 10:45 A.M. Appellee, on leave, substituted a new Governor's warrant and withdrew the original Governor's warrant. Appellant was given ten days to file an amended petition for writ of *habeas corpus* to the substituted Governor's warrant. This was filed and a return filed thereto and the issues closed.

On the hearing appellee offered in evidence the Governor's warrant and the certificate of Edward J. Barrett, Secretary of State, to extradition papers in this case on

file in his office. It appears from the various papers on file in this case that appellant was convicted of burglary and larceny, sent to the Alabama State Penitentiary and escaped therefrom and became a fugitive from justice. On the trial appellant testified he was not in the State when the crime of which he was convicted was committed. His counsel offered to make proof by a witness that this was true. The court denied this offer of proof. This was correct. Appellant was tried on that charge and convicted. The correctness of that conviction cannot be reviewed in a proceeding such as the one before us. *People ex rel. Mack* v. *Meyering,* 355 Ill. 456.

Appellant contends that the criminal court had no jurisdiction to hold or to remand him. This contention is based upon the order overruling his motion for his discharge upon the ground that he was not arraigned in open court on the new warrant when leave was given to withdraw the original Governor's warrant and a new Governor's warrant was substituted. There is no merit to this contion. Appellant was under arrest under the original Governor's warrant, duly served upon him. He filed his petition for a writ of *habeas corpus.* On the return of the writ, appellee was given leave to withdraw the original Governor's warrant, and leave was given appellant to file an amended petition for *habeas corpus* to the substituted Governor's warrant, and the cause was continued. Appellant, without objection, stipulated that time for filing his amended petition for a writ of *habeas corpus* be extended to and including September 25, 1945. He filed his amended petition for the writ, to which appellee filed his return. Appellant traversed the return.

It is settled in this State that when it appears from the papers filed that the affidavit or complaint against the alleged fugitive was regarded, by the executive authority of the respective States concerned, as a sufficient basis in law for their acting—the one in making the requisition, the

other in issuing the warrant for the arrest of the alleged fugitive—the judiciary should not interfere on *habeas corpus* and discharge the accused on technical grounds, unless it be clear that what was done was in plain contravention of law. *People ex rel. Mark* v. *Toman,* 362 Ill. 232; *People ex rel. Johnston* v. *Traeger,* 340 Ill. 147.

In *People* v. *Toman,* 362 Ill. 232, it was held that the release of a person on the ground of informality or mistakes in the proceedings should not be a bar to an arrest on perfected papers or regular proceedings, and if the first application for extradition is refused on the ground that the evidence presented is insufficient, it leaves the proceedings in the same condition as in other cases of preliminary examination, and there may be a second inquiry.

Appellant was in custody under the original Governor's warrant. Hearing on the writ of *habeas corpus* issued upon his petition had not been determined. His amended petition for the writ was filed to the substituted Governor's warrant, on which the hearing was had. The substituted Governor's warrant differed from the original one only in the date thereof. Nowhere does he deny that he was found guilty of burglary and larceny by the Alabama court and sentenced to the penitentiary of Alabama for a minimum term of seven years and a maximum term of ten years, nor did he deny that he escaped from the Alabama penitentiary February 24, 1944, as certified by the Governor of Alabama.

The requisition papers from the State of Alabama conclusively showed that appellant was indicted, tried, convicted and sentenced to the penitentiary, for a minimum of seven years; that he escaped from the penitentiary in 1944, and the Governor certified that he was a fugitive from justice. Appellant did not overcome that *prima facie* evidence. The judgment of the criminal court was right and is affirmed.

*Judgment affirmed.*