(No. 39923.—

CARL MAY, Appellant, *vs.* RUSSELL SEXTON, Sheriff, Appellee.

*Opinion filed November 14, 1966.*

McGRADY AND MADDEN, of Gillespie, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and THOMAS P. CARMODY, State's Attorney, of Carlinville, (FRED G. LEACH, Assistant Attorney General and JOHN W. RUSSELL, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Macoupin County which denied the petition of Carl May for a writ of *habeas corpus*.

In January of 1965 a grand jury in Kentucky indicted the petitioner for "carrying concealed a deadly weapon", and a warrant was issued for his arrest. On August 23, 1965, he was arrested in Illinois pursuant to a complaint filed against him under section 13 of the Uniform Criminal

Extradition Act (Ill. Rev. Stat. 1965, chap. 60, par. 30), and was admitted to bail. On September 28, 1965, the Governor of Illinois issued a warrant for his arrest and extradition to Kentucky. For some reason that does not appear from the record, the Governor's warrant was not served upon the petitioner within thirty days, as required by section 15 of the act (Ill. Rev. Stat. 1965, chap. 60, par. 32), and on October 21, 1965, upon application of the petitioner's attorney, the circuit court of Sangamon County ordered him discharged and his bail released.

On January 10, 1966, Kentucky authorities advised the sheriff of Sangamon County that the petitioner might be found at a specified location in Macoupin County. A copy of the Governor's warrant and the supporting Kentucky documents were sent to the sheriff of Macoupin County, and on January 20, 1966, the petitioner was arrested. A hearing was had at which he was represented by his attorney and advised of his rights. On the following day he filed this petition for a writ of *habeas corpus*. The petition was heard and denied on January 25, 1966.

The Governor's warrant reads, in pertinent part: "The Governor of the STATE of KENTUCKY * * * has produced and laid before me a copy of an AFFIDAVIT (COM-
WARRANT
PLAINT) [sic] MADE BEFORE A MAGISTRATE, certified as authentic by the said Governor and duly authenticated, * * *." The petitioner points out that the record does not contain any affidavit, complaint, or warrant made before a magistrate, and that the record shows that the Governor's warrant was in fact supported by the Kentucky indictment and warrant for the petitioner's arrest. Because of this variance, he argues that the warrant is void.

In several decisions, however, this court has held that a variance of this kind may be cured by the introduction of the requisition papers from the demanding State. As stated in *People ex rel. Ritholz* v. *Sain,* 24 Ill.2d 168 at 172,

"* * * we adhere to the view of the majority that legal deficiencies in the rendition warrant may be cured, in *habeas corpus* proceedings for the discharge of the fugitive, by including with the return of the sheriff or producing at the hearing the papers upon which the warrant was issued and which show that the warant was justified. *People ex rel. Hackler* v. *Lohman,* 17 Ill.2d 78, 88-89; *Lacondra* v. *Hermann,* 343 Ill. 608, 613-614." In the present case the Kentucky indictment and warrant were before the court when the petition for *habeas corpus* was denied, and these documents cured any defect upon the face of the Governor's warrant.

The petitioner also contends that his arrest in January of 1966, after he had been discharged on *habeas corpus* in October of 1965, subjected him to double jeopardy. There is no merit in this contention. Petitioner has yet to be tried for the offense which gave rise to his arrest. His discharge in October of 1965 determined only that grounds for detaining him had not been established within the time fixed by statute. That determination did not bar his rearrest. See *People ex rel. Ritholz* v. *Sain,* 26 Ill.2d 455, *cert.* denied, 374 U.S. 807, 10 L. Ed. 2d 1031.

The petitioner's final contention is that the conduct of the authorities in this case constituted such harassment as to deprive him of due process of law. This contention is also without merit. So far as the record shows, the petitioner was at large on bail from his initial arrest until his release in October of 1965, except for a brief period when his bond was forfeited. The reason for the forfeiture does not appear. In the proceedings that followed his subsequent arrest in January of 1966 there was no denial of due process.

The judgment of the circuit court of Macoupin County is affirmed.

*Judgment affirmed.*