THE PEOPLE *ex rel.* ROSA POLLOCK, Petitioner-Appellant, *v.* HUGH CAMP-BELL, SHERIFF OF SANGAMON COUNTY, Respondent-Appellee.

(No. 11771;

Fourth District—July 18, 1972.

Londrigan, Potter & Costello, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Walter H. Kasten, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Petitioner-Appellant appeals from an order of the Circuit Court of Sangamon County denying her Petition for Writ of *Habeas Corpus.*

Petitioner is a resident of the City of Springfield, Illinois, and is charged, in Dane County, Wisconsin, with the offense of assisting in the escape of a prisoner who was incarcerated in that State. The Petitioner allegedly provided the escapee with the weapon used in effecting his escape while visiting the prisoner in Wisconsin, following which Petitioner returned to her home in Springfield where she was arrested by Federal authorities under a Federal Unlawful Flight to Avoid Prosecution Warrant. She was released by Federal authorities on her own recognizance, to Sangamon County authorities under a fugitive warrant for the same offense. Bond, on the latter warrant, was fixed in the sum of $50,000.00. Petitioner was then incarcerated for eight days. The bond was then reduced and Petitioner posted a property bond and was released from custody. The State of Wisconsin then sought extradition and Petitioner was arrested on the Governor's Extradition Warrant. Petitioner then filed her Petition for *Habeas Corpus,* hearing was had and the trial court denied the Petition and ordered Petitioner surrendered to the agents of the demanding State.

Petitioner states that one of the issues raised by this appeal is "Whether the [sic] defendant, a citizen and property owner of the State of Illinois with a property bond standing to secure her appearance, who voluntarily will appear in answer to criminal charges filed in the demanding State, is a fugitive from justice?"

██ Petitioner's argument, in support of this proposition is that she is not a fugitive since she testified that she was willing to turn herself over to the Wisconsin authorities. In view of the fact that Petitioner did not waive extradition, has never appeared in Wisconsin to answer the charges and has now prosecuted this appeal to avoid being taken to Wisconsin, this argument is not credible. The Petitioner's state of mind has no bearing upon her status. "The law is well settled that the reason or motive of a person, who after committing a crime, leaves the State and is apprehended in another jurisdiction, is immaterial. Whatever his reason may have been for going into the asylum State, he is regarded in law as a fugitive from the justice of the demanding State." (*People v. Babb*, 412 Ill. 507, 509; 107 N.E.2d 740; *People v. Meyering*, 358 Ill. 442, 445.) Petitioner, under the authorities cited, is a fugitive from the State of Wisconsin.

██ Petitioner also contends that the conduct of the States of Illinois and Wisconsin constitutes harassment tantamount to a denial of due process. Here Petitioner, with the exception of an eight day period of incarceration between the setting and reduction of the $50,000.00 bond, was never in custody until her arrest on the extradition warrant, and this record does not establish a denial of due process. (*May v. Sexton*, 35 Ill.2d 585, 588, 221 N.E.2d 283.) Petitioner urges that Petitioner will not be admitted to "a reasonable bond" in Wisconsin. The question of bond in Wisconsin is a matter to be presented to, and ruled upon, by the Courts of that State.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.