THE PEOPLE *ex rel.* MILTON GOODMAN, Relator-Appellant, *v.* RICHARD J. ELROD, Sheriff of Cook County, Respondent-Appellee.

(No. 61540; ▮▮▮▮▮▮▮▮

First District (3rd Division)—September 18, 1975.

Gordon James Arnett, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Raymond Prosser, Assistant State's Attorneys, of counsel), for appellee.

PER CURIAM (Before McGloon, P. J., McNamara and Mejda, JJ.):

The relator, Milton Goodman, has appealed from an order entered September 19, 1974, in the circuit court of Cook County dismissing his petition for habeas corpus which asserted that he was entitled to release because of the failure of the authorities to comply with several provisions of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1973, ch. 60, pars. 30, 32, 33, 34), which set forth the procedure to be followed for arrest and commitment of fugitives prior to the issuance of the Governor's arrest and extradition warrant (Ill. Rev. Stat. 1973, ch. 60, par. 24). The trial court ruled that the claimed violations did not affect the validity of the relator's subsequent arrest upon the Governor's arrest and extradition warrant.

On June 11, 1974, the Governor of Illinois, Daniel Walker, issued a warrant authorizing the arrest and extradition of the relator, Milton Goodman, as a fugitive from justice on the ground that the Governor of California had demanded his arrest and delivery and that he had been charged with violating section 476a of the California Penal Code on October 14, 1970, in Orange County, California, and had fled that State. On June 24, 1974, the relator filed a petition for writ of habeas corpus alleging that he was arrested and taken into custody by the Chicago police and turned over to the sheriff of Cook County upon a warrant alleging he was wanted by California, but that he was not actually wanted by the California authorities, no useful purpose would be served by returning him to California and that an executive hearing before the Governor of Illinois had been granted. At a hearing on the same date, at the request of relator's counsel the matter was continued and the defendant was released on $10,000 bond. On September 12, 1974, relator filed an amended petition for habeas corpus, stating that no useful purpose would be served by returning him to California and setting forth the following claimed violations of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1973, ch. 60, par. 18 et seq.): (1) following his arrest on March 29, 1974, upon a warrant alleging he was wanted by the State of California, he was not, as required by statute, brought before a judge to

answer the charge (Ill. Rev. Stat. 1973, ch. 60, par. 30); (2) he was admitted to bond, not by a judge as required by statute, but by the police department (Ill. Rev. Stat. 1973, ch. 60, par. 33); (3) he was not brought before a judge for a 30-day commitment (Ill. Rev. Stat. 1973, ch. 60, par. 32); (4) no papers were served upon him "citing" the accusation, as required by statute (Ill. Rev. Stat. 1973, ch. 60, par. 32); and (5) he was detained beyond the 30-day period allowed by section 15 of the Act (Ill. Rev. Stat. 1973, ch. 60, par. 32), without any compliance with the provisions of section 17 (Ill. Rev. Stat. 1973, ch. 60, par. 34). Relator contends that these statutory violations entitled him to release and entitle him now to an order from this court stating that he will not again be legally subject to extradition to California.

Two of the relator's assertions are not supported by the record. First, while the habeas corpus petition asserts the relator was arrested upon a warrant, the brief of the relator argues he was arrested without a warrant. The brief claims no papers were served upon him up to September 19 "citing" the accusation against him, but the record shows the Governor's warrant was filed in the circuit court of Cook County on June 24. And when counsel for the relator appeared before Judge Power on that date, he informed the court he had been corresponding with the governor's office and he stated concerning the governor's warrant, "I didn't know the warrant was coming through until I got here this morning."

•■ Defendant's remaining claims are that following his arrest on March 29, 1974, he was not brought before a judge to answer the charge, that he was admitted to bond not by a judge as required by statute but by the Chicago Police Department, that no judge ordered a 30-day commitment and the 30-day commitment was not extended to 90 days as it might have been, and that all this is in violation of the Uniform Criminal Extradition Act, specifically sections 13, 15, 16 and 17 (Ill. Rev. Stat. 1973, ch. 60, pars. 30, 32, 33, 34). However, the law is clear that where no defects are asserted in the governor's extradition warrant, previous failures to comply with the cited statutes governing the arrest and commitment of fugitives prior to issuance of the governor's warrant do not impair the subsequent validity of the Governor's extradition warrant and do not subject the relator to double jeopardy. (See *People ex rel. Gummow v. Larson* (1966), 35 Ill.2d 280, 220 N.E.2d 165; *May v. Sexton* (1966), 35 Ill.2d 585, 588, 221 N.E.2d 283; *People ex rel. Emerson v. Pratt* (2nd Dist. 1974), 23 Ill.App.3d 340, 319 N.E.2d 108.) The asserted failures to comply with sections 13, 15, 16 and 17 (Ill. Rev. Stat. 1973, ch. 60, pars. 30, 32, 33 and 34), therefore, did not impair the validity of the Governor's extradition warrant issued on June 11, 1974, and filed in the circuit court of Cook County on June 24, 1974. The only issue before the court in this

habeas corpus petition was whether the relator was entitled to discharge because of some defect in the Governor's warrant. Since no defect in that warrant was asserted, the court properly dismissed the petition for habeas corpus. (See *People ex rel. Gummow v. Larson* (1966), 35 Ill.2d 280, 282.) Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.