[No. 5718–2–II.   Division Two.   March 30, 1983.]

*In the Matter of* JAMES CAMERON HYSTAD,
*Appellant.*

*Robert Zuanich,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Stanley P. Wagner, Jr., Deputy,* for respondent.

WORSWICK, J.—James C. Hystad appeals an order of the Superior Court denying his petition for a writ of habeas corpus in an extradition proceeding. We affirm.

Hystad was convicted of a felony in Washington in 1969 and was granted probation. He was charged in Oregon with another felony in 1972. Upon his return to Washington after posting bail in Oregon, his Washington probation on the 1969 conviction was revoked. Upon his release in 1975, he was charged by information in Walla Walla County with being a fugitive from justice. He posted bail and, as his attorney puts it, "[d]uring the interim, [he] traveled to California, where he was arrested and returned to Washington." His parole was thereupon revoked. He remained

imprisoned in Washington until paroled in 1978.

The present extradition proceedings were instituted following his arrest in Seattle in November 1979. A governor's warrant, issued April 3, 1980, was served on Hystad April 8, 1980. The Superior Court stayed execution of the warrant to permit him to file a personal restraint petition in this court.

The Chief Judge of this court dismissed the petition on July 9, 1980, without prejudice to Hystad's right to file a petition for habeas corpus in superior court. Such a petition was filed on July 10, 1980. After an evidentiary hearing and the entry of extensive findings of fact, none of which is challenged on appeal,[1] the Superior Court denied the petition.

The unchallenged findings establish that Hystad is the person named in the governor's warrant, that he is substantially charged with a crime in Oregon and that, both by his own admission and by the records, he is a fugitive from justice. His petition sought relief based on the singular contention that Oregon should be deemed to have waived extradition because of lapse of time.[2] He reasserts that contention here.

This contention is without merit. RCW 10.88.290 allows a habeas corpus proceeding for the limited purpose of testing the legality of an arrest on a fugitive charge. The proceeding is limited to determining whether the petitioner is substantially charged with a crime in the demanding state and is a fugitive from justice. *State ex rel. Boutwell v. Coughlin,* 90 Wn.2d 835, 586 P.2d 1145 (1978). *See also Michigan v. Doran,* 439 U.S. 282, 58 L. Ed. 2d 521, 99 S. Ct. 530 (1978); *Munsey v. Clough,* 196 U.S. 364, 49 L. Ed. 515, 25 S. Ct. 282 (1905). Issues of the kind Hystad raises here can only be resolved in the demanding state.

---

[1]Indeed, Hystad concedes here that the findings are correct.

[2]Hystad fails to point out the efforts made by Oregon to obtain his presence there for trial during the time he was imprisoned here. *See Hystad v. Rhay,* 12 Wn. App. 872, 533 P.2d 409 (1975).

*McQueary v. State,* 21 Wn. App. 658, 585 P.2d 1197 (1978); *In re Jeffries,* 15 Wn. App. 302, 548 P.2d 594 (1976).

Hystad also contends the trial court erred in failing to dismiss the fugitive information in Superior Court because the governor's warrant was not served within the 60 days contemplated by RCW 10.88.360. Although it is questionable whether this issue has properly been preserved for review,[3] it is moot in any event. As noted in *State ex rel. Boutwell v. Coughlin, supra,* extradition involves executive power; the courts have a limited, ancillary role. Defects in judicial procedures occurring before the issuance of a valid governor's warrant do not affect the validity of that warrant. *People ex rel. Brandolino v. Hastings,* 72 A.D.2d 821, 421 N.Y.S.2d 893 (1979); *People ex rel. Goodman v. Elrod,* 32 Ill. App. 3d 362, 336 N.E.2d 535 (1975). The warrant has issued and is not challenged.

Affirmed.

PETRICH, C.J., and REED, J., concur.

Reconsideration denied April 27, 1983.

Review denied by Supreme Court June 17, 1983.

---

[3]The only record presented is a very brief clerk's minute dated February 19, 1980, which is limited to a notation that "Defense ask [sic] that the case be dismiss [sic]. The court denied the dismissal." *See* RAP 2.5(a).