THE PEOPLE *ex rel.* RICHARD SHOCKLEY, Petitioner-Appellant, v. PHILLIP HARDIMAN, Director of the Cook County Department of Corrections, *et al.*, Respondents-Appellees.

First District (2nd Division)   No. 85—3291

Opinion filed January 20, 1987.

Brunswick & Keefe, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Christopher J. Cummings, and Mary Ellen Murphy, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

After a demand for extradition was entered by the Governor of Florida, a warrant of rendition was executed by the Governor of Illinois for the return to Florida of petitioner Richard Shockley where he was charged with the crime of grand theft. Petitioner thereafter filed a writ of *habeas corpus*, contesting this warrant, but such petition was denied. Petitioner now appeals, contending that: (1) his constitutional rights were violated where, among other infringements, he was held on two warrants for the same offense; (2) the documents upon which the Governor of Illinois based the second rendition warrant were defective; and (3) the second rendition warrant should have been quashed as petitioner was not a fugitive from justice at the time of its issuance.

The record indicates that on September 7, 1984, the Governor of Florida presented to the Governor of Illinois a requisition warrant for the arrest of petitioner. Included were the following:

(1) demand for requisition;

(2) certified copy of the felony information in which petitioner is specifically charged with the offense of grand theft, sworn to by a Florida State's Attorney before a notary public and upon which a Florida circuit court judge has directed that a warrant be issued for petitioner's arrest;

(3) certified copy of the arrest warrant; and

(4) affidavit in support of probable cause sworn to before a magistrate.

Petitioner was thereafter arrested on a warrant of rendition executed by the Governor of Illinois pursuant to the Florida demand for extradition and was released from custody on bond. Petitioner subsequently filed a petition for a writ of *habeas corpus* in which he alleged that the documents were insufficient and lacked a finding of probable cause by the circuit court. Thereafter, at the request of the Illinois State Attorney's office, the State of Florida forwarded a copy of the finding of probable cause. Petitioner then filed a memorandum in support of his petition in which he alleged the finding of probable cause was insufficient because it did not accompany the initial extradition demand.

As a result, the State's Attorney's office requested that the State of Florida repeat the extradition demand properly. On May 29, 1985, the Governor of Florida did so, submitting a new demand for extradition with the necessary accompanying documents. Pursuant to this second demand, the Governor of Illinois executed that same day a second warrant of rendition for the return of petitioner to Florida.

Petitioner subsequently filed a second petition of *habeas corpus*, which was denied by the trial court. Petitioner thereafter filed this appeal.

Petitioner's first contention on appeal is that his constitutional rights were violated when he was held on two warrants for the same offense. The State maintains in reply that the second issuance of a warrant of rendition by the Governor of Illinois and the State's Attorney's request for a new extradition demand rendered the prior extradition proceedings moot. Hence, petitioner's contentions are erroneous.

■ In Illinois, the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1983, ch. 60, par. 18 *et seq.*) governs the extradition of fugitives. (*Beauchamp v. Elrod* (1985), 137 Ill. App. 3d 208, 484 N.E.2d 817.) Extradition proceedings are intended to be a summary and mandatory proceeding for returning the fugitive to the demanding State. (137 Ill. App. 3d 208, 484 N.E.2d 817.) Thus, the scope of inquiry surrounding extradition proceedings does not include the kind of inquiry traditionally intervening between an accused's arrest and trial. Rather, the scope of inquiry in *habeas corpus* proceedings to determine the validity of extradition is limited to the following areas: (1) whether the extradition documents on their face are regular in form; (2) whether petitioner has been charged with a crime in the demanding State; (3) whether petitioner is the person named in the request for extradition; and (4) whether petitioner is a fugitive. *People ex rel. Dimas v. Shimp* (1980), 83 Ill. App. 3d 150, 403 N.E.2d 750; *Beauchamp v. Elrod* (1985), 137 Ill. App. 3d 208, 484 N.E.2d 817.

■ ■ Since the only purpose of extradition is the return of the fugitive to the place of the alleged offense, his constitutional rights, other than the present right to personal liberty, are not involved. (*People ex rel. Hackler v. Lohman* (1959), 17 Ill. 2d 78, 160 N.E.2d 792, *cert. denied* (1960), 361 U.S. 963, 4 L. Ed. 2d 544, 80 S. Ct. 591.) During *habeas corpus* proceedings initiated to test the validity of an extradition order, the judicial branch of government will not interfere with a governor's grant of extradition, unless that order is so palpably and conclusively shown to be wrong as to warrant an inference of fraud or inadvertence. *People ex rel. Dimas v. Shimp* (1980), 83 Ill. App. 3d 150, 403 N.E.2d 750.

■ Here, after petitioner filed a petition for *habeas corpus*, alleging therein that Florida's demand for extradition lacked probable cause, the Illinois State's Attorney's office, as a precaution, requested the State of Florida to forward the finding of probable cause. Such additional documentation was forwarded and placed in

petitioner's file. The weight of authority is that deficiencies in the documents supporting the rendition warrant may be satisfied at a later date. (*People ex rel. Brown v. Jackson* (1971), 49 Ill. 2d 209, 274 N.E.2d 17; *People v. DeSpain* (1982), 106 Ill. App. 3d 934, 436 N.E.2d 748.) When petitioner again complained that the finding of probable cause was insufficient, the State of Florida repeated the entire proceeding at the request of the Illinois State's Attorney's office.

■ Where an alleged fugitive from justice is in custody under a governor's warrant and a writ of *habeas corpus* issued upon his petition has not been determined, the substance of a new governor's warrant does not entitle him to discharge; if the first application for extradition is refused on the ground that the evidence presented is insufficient, it leaves the proceeding in the same condition as in other cases of preliminary examination, and there may be a second inquiry. (*People ex rel. Montos v. Mulcahy* (1946), 394 Ill. 416, 68 N.E.2d 738.) Moreover, a prior discharge on *habeas corpus* in an extradition proceeding because of a defect in the process or evidence will not bar a subsequent extradition proceeding for the crime on additional evidence or on new process. *People ex rel. Ritholz v. Sain* (1962), 24 Ill. 2d 168, 180 N.E.2d 464.

■ Contrary to petitioner's contentions, the Governor of Illinois and the State's Attorney's office clearly did not act in a manner not in conformance with the extradition laws and did not exceed the bounds of their authority. In seeking a second demand for extradition from the Governor of Florida, they did not deliberately seek to delay the disposition of petitioner's case or to deprive petitioner of his liberty. Indeed, the record shows no evidence that would attribute the delay in the hearing on petitioner's *habeas corpus* petition to the Illinois officials. The second warrant to rendition was issued by the Governor of Illinois on the same day the second demand and supplemental documents were filed in Illinois. The issue of due process is addressed by the court in its review of extradition proceedings where there has been an inordinate delay. (See *People ex rel. Bowman v. Woods* (1970), 46 Ill. 2d 572, 264 N.E.2d 151 (where a 13-year delay between the demand for petitioner's extradition and a warrant for rendition, petitioner's request for *habeas corpus* was granted).) Here, any such delay, if it existed, was caused by petitioner's continued objections to the extradition request process.

At the time of the issuance of the second warrant of rendition by the Governor of Illinois, the record indicates that a hearing on petitioner's first *habeas corpus* petition had not yet been held. Hence, petitioner's contention that he was wrongfully held on bond by two

warrants of rendition was also without merit.

■ Petitioner's second contention on appeal is that the documents upon which the Governor of Illinois based the second rendition warrant were defective. The State maintains in reply that the documents were regular in form and fully complied with constitutional and statutory requirements. The record indicates that such supplemental documents included the following:

(1) requisition warrant by the Governor of Florida;

(2) application for requisition by the Florida State's Attorney;

(3) certified copy of the felony information in which petitioner is specifically charged with the offense of grand theft, sworn to by the Florida State's Attorney before a notary public and upon which a Florida circuit court judge had directed that a warrant be issued for petitioner's arrest;

(4) certified copy of the arrest warrant;

(5) witness affidavit sworn to by the affiant before a notary public;

(6) a finding of probable cause by the circuit court; and

(7) affidavit in support of probable cause sworn to before a magistrate.

In *People ex rel. Dimas v. Shimp* (1980), 83 Ill. App. 3d 150, 403 N.E.2d 705, the court held that it will not interfere with a grant of extradition unless it is so palpably and conclusively shown to be wrong as to warrant an inference of fraud. Courts should not discharge an accused on technical grounds unless it is clear that what was done was in plain contravention of the law. *Beauchamp v. Elrod* (1985), 137 Ill. App. 3d 208, 484 N.E.2d 817; *People v. Williams* (1979), 68 Ill. App. 3d 351, 386 N.E.2d 145.

■ Petitioner's initial allegation, that the application for requisition contains perjury because it states therein that no former applications for requisition have been made, is without merit. While such statement is in error, it is not of such significance as to render the demand ineffective. The Governor of Illinois had before him additional correct information to ensure that he could properly decide the matter at hand. Accordingly, such defect should not prevent the extradition of petitioner. See *Beauchamp v. Elrod* (1985), 137 Ill. App. 3d 208, 484 N.E.2d 817.

■ Petitioner's allegation that the affidavit in support of probable cause is insufficient because petitioner is charged of his crime therein by information, rather than by indictment or by affidavit made before a magistrate, is similarly meritless. As petitioner cor-

rectly contends, the Federal Extradition Act (18 U.S.C. sec. 3182 (1985)) specifies that the rendition warrant be based upon either an indictment found or an affidavit made before a magistrate charging the accused with the commission of a crime. However, States may supplement Federal regulations as long as there is no attempt to impose more stringent standards for extradition. *People ex rel. Hernandez v. Elrod* (1981), 86 Ill. 2d 453, 427 N.E.2d 1209.

To facilitate interstate extradition proceedings, most States, including Illinois, have adopted the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1983, ch. 60, par. 18 *et seq.*). Section 3 of the Illinois statute (Ill. Rev. Stat. 1983, ch. 60, par. 20) provides that when a demanding State seeks extradition of a person in Illinois, the written demand must be accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon.

■■ Here, the demanding State, Florida, furnished a felony information supported by both a witness affidavit and an affidavit in support of probable cause made before a magistrate. The information was sworn to by an assistant State's Attorney and charged petitioner with felony theft. Such information was then signed by the judge of the circuit court who directed the clerk of the court to "Issue Capias" for the arrest of petitioner and was then certified. Supporting such information was an affidavit in support of probable cause sworn to before the trial court and a witness affidavit made by a Florida police officer and sworn to before a notary public, contrary to petitioner's contentions, there is no requirement that a witness affidavit be made before a magistrate (Ill. Rev. Stat. 1983, ch. 60, par. 20). Consequently, the felony information presented by the Governor of Florida in demanding the arrest and return of petitioner was proper.

We also reject petitioner's argument that there was no finding of probable cause by the court. On the reverse side of the witness' affidavit is stamped the finding of the circuit court that there is probable cause to hold petitioner and bind him over for trial.

■■ Petitioner's final contention on appeal is that the second rendition warrant should be quashed because petitioner was not a fugitive from justice at the time of its issuance. Specifically, petitioner maintains that because he was released from custody on bond following his arrest pursuant to the initial extradition demand, his status as a fugitive was terminated. The State asserts in reply that petitioner's release from custody on bond had no effect on his status

as a fugitive.

One is a fugitive from justice, within the meaning of the extradition laws, where it is shown that he was in the demanding State on the date fixed in the charge against him and that he thereafter left the State, and he is a fugitive from the time of such leaving regardless of his purpose or motive in leaving. (*People ex rel. Leach v. Baldwin* (1930), 341 Ill. 604, 174 N.E. 51.) Section 2 of the Uniform Criminal Extradition Act further defines a fugitive from justice as any person charged in another State with treason, felony, or other crime, who has fled from justice and is found in this State. Ill. Rev. Stat. 1983, ch. 60, par. 19.

Here, petitioner was charged in Florida with the offense of grand theft and was present in Florida at the time this offense was committed. Petitioner thereafter fled from Florida and was residing in Illinois when the instant demand for extradition was filed. Petitioner did not contest these allegations before the trial court, nor does he do so now in his brief. Petitioner's contention that he lost his status as a fugitive when he was held on bond pursuant to the first demand for extradition is without merit. In *People ex rel. Pollock v. Campbell* (1972), 6 Ill. App. 3d 483, 285 N.E.2d 585, the appellate court found that the petitioner, a citizen and property owner in Illinois, was a fugitive from justice despite the fact that her appearance in court was secured by a property bond. Here, petitioner, who fled from Florida and is now present in Illinois, was in Florida at the time of the offense charged and has not yet returned to that State to answer such charges. Accordingly, petitioner is a fugitive from justice.

In light of the foregoing, this court affirms the trial court's denial of petitioner's petition for *habeas corpus* relief.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.