[No. 9347-6-III. Division Three. December 1, 1988.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JOSEPH M. COILEY, *Appellant.*

*Timothy Ford,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Michael McCarthy, Deputy,* for respondent.

THOMPSON, C.J.—Joseph Coiley appeals the dismissal of his habeas corpus petition. He claims the Governor illegally refused to exercise discretion to deny an untimely demand for extradition. We affirm.

A Middlesex County, Massachusetts, grand jury charged Mr. Coiley in 1976 with escape from work release. He was not apprehended at that time and has lived since 1977 in the state of Washington.

In November 1984, the Yakima County prosecutor filed an information accusing Mr. Coiley of being a fugitive from justice in Massachusetts on the escape charge and his underlying conviction for possession of a dangerous weapon. Mr. Coiley was arrested and released on bail. In February 1985, the Superior Court discharged Mr. Coiley

from the fugitive information, apparently because the Governor of Massachusetts had not requested extradition.

In October 1986, almost 2 years after his first arrest on the fugitive information, Mr. Coiley was arrested again on a new fugitive information based on the same Massachusetts escape charge. This time, the Governor of Massachusetts requested extradition, and Mr. Coiley sought a hearing before the Governor of Washington to present evidence why the request for extradition should be denied. The Governor's representative denied the request, noting the "reasons for requesting a hearing were not sufficient to mitigate the mandatory obligation the Governor has in honoring a request for extradition . . ." The Governor then issued a warrant of extradition, and Mr. Coiley filed a petition for habeas corpus.

The Yakima County Superior Court dismissed the petition, holding the Governor's decision did not violate the Uniform Criminal Extradition Act, RCW 10.88. The court also granted a stay of the warrant of extradition to allow Mr. Coiley to pursue this appeal.

Mr. Coiley raises three issues: (1) whether RCW 10.88-.360[1] violates the extradition clause, U.S. Const. art. 4, § 2, cl. 2, by granting discretion to the Governor; (2) whether the 120–day period established by the proviso in RCW 10.88.360 may be extended by successive arrests; and (3) whether the Governor failed to exercise discretion in denying Mr. Coiley's request for a hearing.

---

[1]RCW 10.88.360 states:

"Failure to make timely arrest or demand for extradition. If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty days, or a judge or magistrate judge may again take bail for his appearance and surrender, as provided in RCW 10.88-.350, but within a period not to exceed sixty days after the date of such new bond: *Provided,* That the governor may, except in cases in which the offense is punishable under laws of the demanding state by death or life imprisonment, deny a demand for extradition when such demand is not received by the governor before the expiration of one hundred twenty days from the date of arrest in this state of the alleged fugitive, in the absence of a showing of good cause for such delay."

Mr. Coiley insists RCW 10.88.360 remains valid despite *Puerto Rico v. Branstad,* ___ U.S. ___, 97 L. Ed. 2d 187, 107 S. Ct. 2802 (1987), which held a governor has no discretion in surrendering a fugitive upon demand. This issue is not properly before us. The Superior Court did not hold RCW 10.88.360 unconstitutional, but merely ruled the Governor had not violated it. The court's decision thus does not implicate the statute's constitutional validity.

■ The extradition clause, U.S. Const. art. 4, § 2, cl. 2, provides in part:

A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

The purposes of the clause are "to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed", and "to preclude any state from becoming a sanctuary for fugitives from justice of another state and thus 'balkanize' the administration of criminal justice among the several states." *Michigan v. Doran,* 439 U.S. 282, 287, 58 L. Ed. 2d 521, 99 S. Ct. 530 (1978). Because of the summary nature of the proceedings, only limited judicial review of a governor's action is available.

Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Michigan v. Doran,* 439 U.S. at 289; *see White v. King Cy.,* 109 Wn.2d 777, 780–81, 748 P.2d 616 (1988).

In *In re Hystad,* 34 Wn. App. 342, 660 P.2d 1145, *review denied,* 99 Wn.2d 1022 (1983), the habeas corpus petitioner argued the demanding state waived extradition by lapse of time. The court held the issue was beyond the scope of

judicial review in a habeas corpus proceeding and properly should be resolved in the demanding state after extradition. *Hystad,* at 343. Similarly here, the issue of a lapse of time between Mr. Coiley's first arrest in Washington and the Governor's issuance of the extradition warrant is beyond the scope of our consideration in this habeas corpus proceeding. Mr. Coiley should raise his objections in Massachusetts, after his extradition.

We affirm the Superior Court's dismissal.

GREEN, J., and FARIS, J. Pro Tem., concur.

Reconsideration denied January 13, 1989.

Review denied by Supreme Court May 9, 1989.