**STATE of Iowa, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR WINNESHIEK COUNTY,**
**Defendant.**

**No. 92–541.**

Supreme Court of Iowa.

May 19, 1993.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., and Karl Knudson, County Atty., for plaintiff.

Andrew P. Nelson of Meyer, Lorentzen & Nelson, Decorah, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

In this certiorari proceeding, the issue is whether a demanding state is barred from seeking extradition where an extradition proceeding was previously dismissed because of such state's lack of prosecution. The district court thought so and dismissed the second extradition proceeding. We disagree and sustain the writ of certiorari. We remand for further proceedings consistent with this opinion.

On July 29, 1991, the county attorney of Fillmore County, Minnesota, filed a criminal complaint against Jeffrey John Hageman. The complaint alleged that Hageman had—in February 1991—committed the crimes of possession of stolen property, second-degree arson, and first-degree criminal damage to property. These crimes were alleged to have been committed in Minnesota. The Minnesota court issued a warrant for Hageman's arrest on the same day the complaint was filed.

Pursuant to this warrant, the Winneshiek county sheriff's department arrested Hageman, who, at this time, was on work release from a one year sentence he was serving in the Winneshiek county jail. Hageman was arrested on July 31 and appeared at an extradition hearing the next day in district court. Hageman refused to waive extradition. The court then set an extradition hearing for September 3. The court thought this would allow the State of Minnesota sufficient time to ask the Governor of Iowa to issue a warrant of extradition.

For some reason the court continued the September 3 hearing to September 17. Another continuance pushed the hearing back to November 19. At the hearing on November 19 the district court dismissed the

extradition proceeding because the State of Minnesota had not obtained a warrant of extradition from the Governor of Iowa.

In January 1992 the Fillmore county attorney filed with the Governor of Minnesota an application for an extradition requisition on the original three charges. The Governor of Minnesota then issued his requisition to the Governor of Iowa for the arrest of Hageman on these charges.

In February the Governor of Iowa issued his extradition warrant directing peace officers to arrest Hageman. In March the Winneshiek county sheriff's department arrested Hageman pursuant to the Iowa governor's warrant. Hageman appeared in district court. The court gave Hageman time to file a petition for a writ of habeas corpus.

Hageman filed his petition for a writ of habeas corpus challenging the legality of his arrest on the governor's warrant. Hageman, apparently relying on res judicata principles, asked the district court to grant the writ, which the court did. In granting the writ the court wrote:

The State of Minnesota chose to proceed under the provisions of the Uniform Criminal Extradition Act [Iowa Code chapter 820], and failed in its initial extradition proceedings to follow those procedures. It has now commenced new extradition proceedings. The court was presented with no authority to justify a second arrest and request for extradition following failure to comply with those procedures in connection with the first request. The court therefore concludes that Hageman's detention is unlawful....

The State of Iowa responded by filing an "application for discretionary review/petition for writ of certiorari." The State challenged the district court's ruling as contrary to law. The State alleged that "[d]ismissal of a prior extradition proceeding, on the ground of imperfect or incomplete procedure, does not bar a later proceeding based on perfected procedure." We granted the writ.

Our review is for errors at law. Iowa R.App.P. 4; *State v. Miller*, 480 N.W.2d 894, 896 (Iowa 1992). Our only issue is a legal one: What is the legal effect of the prior dismissal on the present proceeding?

■ I. Like many states, Iowa has adopted the Uniform Criminal Extradition Act [Act] governing the extradition of fugitives. *See generally* Iowa Code ch. 820 (1989). Pursuant to Iowa Code section 820.10, a petition for a writ of habeas corpus is the proper way to test the legality of an arrest under a governor's extradition warrant. The Act provides for a summary and mandatory proceeding for returning the fugitive to the demanding state. *People ex rel. Shockley v. Hardiman*, 152 Ill.App.3d 38, 41, 105 Ill.Dec. 240, 243, 504 N.E.2d 109, 112 (1987). So the scope of inquiry is very limited. *See, e.g.*, Iowa Code § 820.20 (guilt or innocence is not an issue in an extradition proceeding). In the habeas corpus proceeding, the validity of extradition is limited to two narrow questions:

(1) Is the petitioner charged with the commission of a crime in the demanding state?

(2) Is the petitioner a fugitive, i.e., was [the petitioner] present within the demanding state when the crime was committed?

*Miller*, 480 N.W.2d at 896.

■ II. Here the alleged dilatory action of the demanding state—Minnesota—resulted in a dismissal of the prior extradition proceeding. The fighting issue is whether such dismissal bars the present proceeding. The general rule is that a

discharge from arrest incident to an extradition proceeding by habeas corpus bars a subsequent extradition proceeding within the same jurisdiction where identical issues and evidence are presented. *But a writ of habeas corpus based merely on the irregularity of the original extradition demand or proceedings does not bar a subsequent extradition proceeding based on sufficient process.*

31A. Am.Jur.2d *Extradition* § 162, at 866 (1989) (emphasis added).

One court explained the rationale for the "irregularity" exception this way:

When extradition proceedings fail because of procedural irregularities, it is clear that a decision is not rendered on the merits, or substantive elements, of the right of the demanding state to have the fugitive returned to it. A decision on the merits not having been rendered, double jeopardy or res judicata does not attach.

*Commonwealth ex rel. McCaine v. Gedney*, 237 Pa.Super. 499, 502, 352 A.2d 72, 73 (1975) (in prior extradition proceeding demanding state was dilatory in furnishing proper documents causing petitioner to be held beyond period permitted under extradition statute; dismissal of such proceedings for this reason did not bar second proceeding based on same charge); *accord Commonwealth ex rel. Douglass v. Aytch*, 225 Pa.Super. 195, 196–200, 310 A.2d 313, 314–15 (1973) (prior extradition proceeding, dismissed because of lack of prosecution, did not bar second proceeding based on same charge).

Other courts reason that extradition is like a preliminary hearing. Dismissals in such proceedings because the prosecution abandons the charge, or because probable cause is lacking, do not bar reinstitution of the charge. Neither double jeopardy nor res judicata is implicated even when the same crime is being charged at successive hearings. Successive warrants in extradition are traditionally treated in the same way. *In re Maldonado*, 364 Mass. 359, 363, 304 N.E.2d 419, 422 (1973); *In re Russell*, 12 Cal.3d 229, 233, 115 Cal.Rptr. 511, 514, 524 P.2d 1295, 1298 (1974) ("Extradition is an even more preliminary step in a criminal proceeding than the filing of an indictment...."); *Cain v. Moore*, 182 Conn. 470, 473, 438 A.2d 723, 725 (1980) (for res judicata to apply in extradition proceedings there must be a judgment on the merits; cases disposed of on technical grounds are not judgments on the merits).

 III. Under these principles we think the dismissal of the prior extradition proceeding for lack of prosecution is no bar to the present proceeding. The dismissal resulted because of a procedural irregularity. The dismissal did not result from a judgment on the merits concerning the only two relevant issues in an extradition proceeding. Those two issues again are (1) whether the petitioner is charged with the commission of a crime in the demanding state, and (2) whether the petitioner is a fugitive, i.e., whether the petitioner was present within the demanding state when the crime was committed. For these reasons neither res judicata nor double jeopardy was implicated. The district court's judgment to the contrary was incorrect. We therefore sustain the writ and remand for further proceedings consistent with this opinion.

**WRIT SUSTAINED; CASE REMANDED.**